Putnam J.
delivered the opinion of the Court. We are satisfied that the St. 1828, c. 137, § 6, does not make it the duty of the Court to grant a warrant for the abatement, unless they should deem it expedient to issue such a warrant.[1] And also, that this statute is remedial and constitutional, and not ex post facto.[2]
And we all think that it is not expedient to grant the warrant for the abatement of the nuisance, for the following reasons.
It appeared in evidence upon the trial, and is not denied at this hearing, that Clark had erected very expensive manufac tories below the dam which has been found to be a nuisance, and that comparatively, the dam and mill privilege of the plaintiff are of small value. No action has been brought for the continuance of the nuisance since the verdict was rendered. If one were to be commenced and laid before another jury, they would take great care to give an adequate compensation m damages. In ordinary cases, the Court would not be disposed to interfere in the summary way of abatement, until other remedies should fail of giving complete justice to the party injured. Besides, the remedy given by the statute above cited is cumulative. And the party who sustains an injury from a nuisance may abate it himself, in the manner prescribed oy the law, or have his action for the damages:
*463 It has been suggested, however, that Clark, against whom the judgment was recovered, is a bankrupt ; and that a suit against him and a judgment upon a recovery of damages, would be wholly unproductive. It is admitted that he has now no interest in the dam which was found to be a nuisance, but that it is held by Upham and others under Clark’s deed, which was made and recorded before the action was brought against Clark. Now an action may be sustained against those who continue the obstruction, and it is not contended but that they are solvent. If they are bound by the former judgment, then the plaintiff will be sure of his damages. If they are not bound by the former judgment, then it would be manifestly unjust to abate the dam before they have been heard upon the lawfulness of its erection. It is said that it can be proved that they had notice and were present (or might have been) at the former trial, and therefore cannot set up this defence. But we cannot know that to be the case judicially. The record of the Court in the case does not give any evidence of the alleged fact. It is true that they are only mortgagees ; but to many most important purposes, the interests of the mortgager and mortgagee are distinct. In the case of Colton v. Smith, at Hampden this circuit, it was held that a partition made by the mortgager was void as against the mortgagee.
The result may be, that the plaintiff may find it necessary to bring another action against those who now keep up the dam, and who claimed a title in the premises before the former action was brought; and we cannot help the plaintiff in that respect, much as we desire to prevent litigation.
Upon the whole, we decline at present to grant the warrant. The opinion of the Court is, that the plaintiff shall take nothing by his motion.

 See Rev. Stat. c. 106; Bends v. Upham, 13 Pick. 170 ; post, 543.

 See Lobmis v. Ives, 15 Pick. 435; Wilbur v. Gilmore, 21 Pick. 250.