## SIMON C. HEWITT *vs.* PHILIP WILCOX.

Since the repeal of the statute of 1818, *c.* 113, an unlicensed physician or surgeon may maintain an action for professional services rendered before the repeal.

ASSUMPSIT for services rendered by the plaintiff as a surgeon and physician. It was agreed by the parties that the plaintiff rendered the services set forth in the declaration, while the statute of 1818, *c.* 113, " regulating the practice of physic and surgery," was in force, and that he had not previously been licensed or graduated, as was required by that statute to entitle him to the benefit of law for the recovery of compensation. This action was commenced since that statute was repealed, and judgment is to be rendered for the plaintiff or for the defendant, as the court shall order.

*Wheelock*, for the plaintiff. The statute of 1818, *c.* 113, while in force, merely deprived the defendant of a legal remedy. It did not render invalid the contract between the parties ; and upon its repeal, the plaintiff became entitled to maintain this action. *Bigelow* v. *Pritchard*, 21 Pick. 169.

*Bartlett*, for the defendant, argued that there never was a valid contract between the parties. The law will not imply an assumpsit while the statute was in force. No express promise is

alleged, and mere moral obligation is no ground for an implied one.

But if there was a valid contract, without a remedy, the repeal of the statute gave the plaintiff no right of action. Retrospective operation of statutes, even as to remedies, is discountenanced by courts. *Dash* v. *Van Kleeck*, 7 Johns. 503. *Woart* v. *Winnick*, 3 N. Hamp. 473. *Society* v. *Wheeler*, 2 Gallis. 139.

The defendant's right to defend under the statute of 1818, is reserved to him by the Rev. Sts. *c*. 146, § 5.

Shaw, C. J.  It may be admitted, we think, that it was the policy of *St.* 1818, *c*. 113, upon the construction of which this action depends, to throw a discouragement in the way of unlicensed and irregular practitioners of medicine and surgery, and lay them under a disability in this respect.  The provision was, that no person, entering the practice after the day therein named, should be entitled to the benefit of law for the recovery of any debt or fee accruing for his professional services.  Taking the terms together, the word " recovery," with that of " benefit of law," the construction, we think, is, " benefit of legal proceedings "; including all modes in which payment of a debt may be obtained by process of law, or other legal proceedings, such as set-off, claim before commissioners of insolvency, and the like. It results from this, that the policy of the statute was intended to be reached and effected, not by providing that a debt should not accrue, by force of the common law, from services done on request, but that the debt should not be enforced by legal proceedings of any kind.  It therefore affected the remedy, but not the right.  If this was the purpose of the law, then it left in force that great principle of the common law, that when services are performed on request, and no agreement is made in respect to them, the law raises an implied promise, to pay so much as the person performing them deserves to have ; and when there is no restraint upon the remedy, an action lies on such promise. When therefore the statute was repealed, which imposed this restraint upon the plaintiff's remedy, he had a right, at common law, to commence and maintain his action.  Such re-

peal was effected by the revised statutes, and the repealing act which accompanies them.

It has however been insisted, that the repeal was qualified and restrained by the provision of the Rev. Sts. c. 146, § 5, that the repeal shall not affect any act done, or any right accruing, or accrued, or established, or any suit or proceeding had or commenced before such repeal should take effect. The construction already put upon this act, that it affected the remedy and not the right of the plaintiff, is an answer to this argument. No right accrued to the defendant under the statute of 1818 ; he was shielded from any liability to an action, whilst the statute was in force, but no right vested or accrued, or begun to accrue, under it. This clause, therefore, does not take the act of 1818 out of the operation of the general repealing clause of the revised statutes.

*Judgment for the plaintiff.*