### John M. Robbins *vs.* James F. Holman.

The *St.* 1851, c. 233, § 98, reënacted by *St.* 1852, c. 312, § 61, allowing interrogatories to the adverse party, applies to actions then pending.

By *St.* 1851, c. 233, § 109, reënacted by *St.* 1852, c. 312, § 72, the court are authorized to enter a nonsuit or a default upon the failure of a party to answer interrogatories for ten days after notice of the filing thereof; and a Sunday occurring on an intermediate day is not to be excluded in the computation.

Complaint for forcible entry and detainer under Rev. Sts c. 104, commenced January 11th, 1851. Upon appeal in the ourt of common pleas, the complainant filed written interrogatories to the respondent under *St.* 1851, c. 233, § 98, (reënacted in *St.* 1852, c. 312, § 61,) and gave him due notice thereof on the 17th October, 1851. Two Sundays intervened between the 17th and the 28th October, but neither of those days was Sunday. On the 28th of the same month, said interrogatories not having been answered, and no further time have been allowed for answering, *Perkins*, J., on motion of the plaintiff, ordered the respondent to be defaulted, from which judgment he appealed to this court.

*C. M. Ellis*, for the respondent.

*C. H. Parker*, for the complainant.

Dewey, J. This case comes before the court on an appeal from the judgment of the court of common pleas, ordering the respondent to be defaulted for failure to answer interrogatories under the provision of *St.* of 1851, c. 233, §§ 101–109.

The case finds that proper interrogatories were filed by the plaintiff on the 17th October, 1851, and due notice given of

the same, and that on the 28th day of said October, no answer having been filed, nor any further time allowed, the respondent was, by order of court, defaulted.

The points raised involve the construction of the act referred to in various particulars.

1. As to the extent of its application: Does it apply to actions pending before its passage?

It is contended that such a retrospective effect would be unjust, and against first principles, and certainly one not to be held to arise merely from implication. We think, however, that the views of the counsel are erroneous in considering the mode of conducting a suit, or the rules of practice regulating it, to be subjects of vested rights in any sense. They are the mere forms, and may be as well made applicable to actions already commenced, but not yet tried, as to actions subsequently commenced.

It might as well be contended that the party had a right to have his action tried in the court under the same organization as it existed when instituted, and not by any new organization, or by the same number of jurors, though the legislature had seen fit to alter that number, as to contend that the rules of evidence, or form of proceeding, the form of the plea and answer, may not be changed so as to affect all future trials, whether of actions then commenced, or subsequently instituted. In truth, the operation of the law is literally and really prospective. It leaves all that has been done to stand as well done under existing laws, and only brings the future proceedings of the suit under its provisions. If the law is objectionable as violating vested rights when applied to suits then pending, why not equally so as to all causes of action then existing? The right of the party, if he has any, is to have his claim or demand tried in courts under the laws existing where it accrued. The mere fact of having instituted a suit, does not give any additional vested rights. It is the demand or claim that the party has, that cannot be interfered with by legislative enactments. The consequence of the construction contended for by the respondent, if carried out to its legitimate result, would be, that a new practice act would not apply to

any suit where the causes of action accrued prior to the passage of that act.

We are only to look at the act and discover to what extent it has introduced changes in forms of proceeding in suits at law. We think it clear that §§ 97–111 inclusive, do apply to all cases; as well actions then pending, as to actions commenced under the act. They are of such a nature as do not affect the proceedings in the suit already taken place previous to the act, though they do not conform to the new code. These provisions are for the future conduct of such causes, and of all other causes that may hereafter be instituted. They may be reasonably and properly applied to all such cases, and violate no constitutional rights.

It is said, the statute has made these rules applicable to cases pending only by implication. The form is this; § 120, " This act shall take effect from and after the last day of August next, but none of the provisions herein contained, except the 97th to 111th sections inclusive, shall be deemed applicable to any action then pending." This would seem to be clearly indicative of the legislative purpose. The other provisions contained elsewhere than in §§ 97–111, are not to apply to actions pending. Is not this virtually saying that all the provisions not excepted are to apply? The subject was in the view of the legislature, and being before them, they provided that as to all actions then commenced, only the sections from 97–111 shall apply to such cases. These sections are, in the opinion of the court, applicable to actions then pending. The case of *Bickford* v. *Boston & Lowell Railroad*, 21 Pick. 109, is in point to show that a change in the form of the proceedings embracing cases then pending is not a violation of any vested rights.

This being so, the only remaining inquiry is whether the ten days had elapsed after the filing of the interrogatories and giving notice, before the default was entered. The interrogatories were filed 17th October, the default entered 28th October. This was a period of eleven days, calculating the whole number of days. But it is agreed there were two Sundays in this period, and that the last day of the ten days was not a Sunday. The question is not therefore,

whether if the last day had been Sunday, the defendant would have had till Monday to answer; but whether the Sundays occurring as intermediate days are to be deducted. As to this, we have the case of *Thayer* v. *Felt*, 4 Pick. 354, that under a statute where three days were allowed for adjourning a sale of an equity of redemption, Sunday was held to be properly excluded. Previously in *Alderman* v. *Phelps*, 15 Mass. 225, it was held, where thirty days were allowed from rendition of judgment for issuing executions, that Sunday was not to be excluded although it was the last day. Upon this latter point, that of excluding Sunday when it is the last of a number of days given, different views have been taken by the courts of different States, but as to intermediate days when the time is more than a week, it seems to be the general rule that they are not to be deducted. See *Moot* v. *Parkhurst*, 2 Hill's (N. Y.) R. 372; *King* v. *Dowdall*, 2 Sandford, 132.