JOHN GARFIELD *vs.* DOLLY ANN BEMIS.

The *St.* of 1861, *c.* 174, which gives a remedy, in certain cases, to those having claims against the estates of deceased persons which have not been prosecuted within the time limited by law, does not apply to claims which were barred by the statute of limitations at the time of its passage.

BILL IN EQUITY, under *St.* 1861, *c.* 174, § 2,* setting forth that the plaintiff is a creditor of the estate of Lewis Bemis, deceased,

---

* This statute is as follows: " Whenever any one has a claim against the estate of a deceased person, which has not been prosecuted within the time limited by law, he may apply to the supreme judicial court, by bill in equity setting forth all the facts; and if the court shall be of opinion that justice and equity

whereof the defendant is administratrix, having a claim which was not prosecuted within the time limited by law, and stating the reasons for the omission, which it is unnecessary to repeat here. It appeared by the bill that the plaintiff's claim was barred by the statute of limitations, as against the administratrix, in December 1858; and the defendant demurred to the bill, for that reason.

*D. Foster*, for the defendant.

*F. H. Dewey*, for the plaintiff.

Merrick, J.   More than two years had elapsed after the right of all persons claiming to be creditors of the defendant's intestate to maintain an action against him on account of his alleged indebtedness to them had been barred by the statute of limitations, (Gen. Sts. *c.* 97, § 5,) before *St.* 1861, *c.* 174, under § 2 of which the present bill is brought and prosecuted, was enacted. In relation to them, she had fully executed her trust, and had become substantially exonerated from all further responsibility as administratrix of the estate, except as to any liability which she still might remain under to the heirs at law.   Unless, therefore, the last mentioned statute is to have such retroactive operation as will take from her the benefit of that security and protection to which, at the time of its enactment, she was entitled under and by force of the statute of limitations, there is no foundation for the support of the bill, and it is conceded by the plaintiff that it cannot be maintained.

It is one of the most firmly settled rules in the interpretation of statutes, that they shall always be assumed to have a prospective operation only, unless the intention of the legislature that they should apply to that which is already past when they take effect is distinctly expressed or clearly to be implied from their provisions.   That a statute is not to have any retrospective operation is said by Chancellor Kent, in commenting upon the

require it, and that said claimant is not chargeable with culpable neglect in not bringing his suit within the time limited by law, they may give him judgment for the amount of his claim against the estate of the deceased person; but such judgment shall not affect any payments or distributions made before the commencement of such bill in equity."

discussion of the question in the case of *Dash* v. *Van Kleeck*, 7 Johns. 477, to have been there shown to be founded not only on English law, but in the principles of general jurisprudence. 1 Kent Com. (6th ed.) 455. This statement of the doctrine, however, is undoubtedly subject to some qualification. It is not strictly and rigidly applicable in all cases in respect to statutes of a remedial character. But it is always to prevail except where a different intent is distinctly indicated and provided for. And the general rule is laid down, as one not subject to any exception, that they are never to be allowed to have a retroactive operation, where it is not required either by the express command of the legislature, or by an unavoidable implication arising from the necessity of adopting such a construction in order to give ple-nary effect to their provisions. *Gerry* v. *Stoneham*, 1 Allen, 322. *Murray* v. *Gibson*, 15 How. (U. S.) 423. *King* v. *Tirrell*, 2 Gray, 331. Smith on Con. and Stat. Law, § 172.

Applying this rule to *St.* 1861, *c.* 174, it is plain that it must be so construed as that it shall have only a future effect. For although it is so broad and comprehensive in its terms that it might embrace all cases, and apply to the past as well as to the future, yet there is nothing in any of its provisions declaratory of the will of the legislature that it shall have a retroactive oper-ation, or showing any necessity of so interpreting it. It will have complete effect if confined in its operation to cases arising subsequently to its enactment. Its construction therefore must be in accordance with the general rule ; and it follows that the plaintiff cannot avail himself of it to sustain his bill, and the demurrer to it must be sustained.