AMERICAN LOCOMOTIVE COMPANY *vs.* ARTHUR W. HAMBLEN.

Suffolk.   March 4, 1914. — May 20, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Evidence,* Book or card system entries.   *Statute.*

St. 1913, c. 288, providing that an entry in an account kept in a book or by a card system or by any other system of keeping accounts shall not be inadmissible in any civil proceeding as evidence of the facts therein stated because it is transcribed or because it is hearsay or self serving, if the court finds that the entry was made in good faith in the regular course of business and before the beginning of the civil proceeding, is a rule of evidence, and under its provisions an auditor who, the day before the statute went into effect, provisionally admitted such evidence, offered by a plaintiff, with leave to the defendant to move later to have it excluded, and denied such a motion of the defendant, made at the conclusion of the plaintiff's evidence the next day, which was the day the statute went into effect, and at that time admitted the evidence absolutely, acted properly.

CONTRACT upon an account annexed for work done and materials furnished.   Writ in the Municipal Court of the City of Boston dated January 21, 1913.

On removal to the Superior Court, the case was referred to Clarence L. Newton, Esquire, as auditor, who in his report raised the question of evidence described in the opinion. The case was heard upon the auditor's report by *Hall,* J., without a jury. Subject to exceptions by the defendant, the judge ruled on the question of evidence as stated in the opinion and found for the plaintiff in the sum of $612.51. The defendant alleged exceptions.

*W. H. Garland,* for the defendant.

*F. W. Johnson,* for the plaintiff, was not called upon.

RUGG, C. J.   The question presented on this record is one of evidence.   This is an action to recover for work done and materials furnished by the plaintiff to the defendant between October, 1911, and August, 1912.   To prove its case the plaintiff offered its book accounts, together with testimony to the effect that it kept a large repair shop where workmen and mechanics were employed. Each employee noted on cards the time devoted by him to each particular job, and on separate cards the hour when he began

and stopped work for the day. Thus, at the close of each day, one card indicated the number of hours of work, from which the workman's wages were determined, and other cards data from which charges were made of labor furnished to the customers. These two sets of time cards served as a check upon errors in each, and at the end of three months were destroyed. The entries charged to the customers' accounts were made by bookkeepers, who had no personal knowledge respecting their correctness, but all entries both upon the books and the time cards were made in good faith in the regular course of business and before the commencement of the action. The plaintiff did not call as witnesses any of those who performed any of the work here in question, although it appeared that some of them were still in its employ and others in the country. After showing the method of bookkeeping, the plaintiff, on April 10, 1913, offered the books into which were copied the items from the original cards, and rested its case on April 11. Against the objection of the defendant the books were admitted by the auditor in the exercise of his discretion, provisionally, with leave to the defendant to move later to have them excluded. The evidence was closed on May 26, 1913, at which time the defendant moved that the evidence as to the book accounts be excluded. But the auditor, in view of all the circumstances and St. 1913, c. 288, which took effect on April 11, 1913, did not exclude them.

The defendant contends that the correctness of this ruling should be determined as of April 10, when the books were offered. But this position is untenable. The evidence was received provisionally only on April 10, and the final ruling as to its competency was not made until May 26, when the evidence was finished and the trial concluded. It was within the power of the magistrate finally to exclude or receive the evidence up to that date, and the correctness of the ruling must be decided as of that time. On that date St. 1913, c. 288, had taken effect.*

---

* The statute is as follows: "An entry in an account kept in a book or by a card system or by any other system of keeping accounts shall not be inadmissible in any civil proceeding as evidence of the facts therein stated because it is transcribed or because it is hearsay or self serving, if the court finds that the entry was made in good faith in the regular course of business and before the beginning of the civil proceeding aforesaid. The court, in its

. This statute is a rule of evidence and applied to all trials occurring after it became effective, including those in which the cause of action accrued and had been put in suit before its passage. *Mulvey* v. *Boston,* 197 Mass. 178. The entries in question having been made in good faith in the regular course of business and before the beginning of the action, the book account became admissible in evidence by the express terms of the statute.

*Exceptions overruled.*

---

discretion, before admitting such entry in evidence, may, to such extent as it deems practicable or desirable but to no greater extent than the law has heretofore required, require the party offering the same to produce and offer in evidence the original entry, writing, document or account, or any other from which the entry offered or the facts therein stated were transcribed or taken, and to call as his witness any person who made the entry offered or the original or any other entry, writing, document or account from which the entry offered or the facts therein stated were transcribed or taken, or who has personal knowledge of the facts stated in the entry offered."