HOLLINGSWORTH AND VOSE COMPANY *vs.* RECORDER OF THE
LAND COURT.

Suffolk. December 7, 1927. — January 4, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Statute,* Amendment. *Land Court,* Fees.

It was proper for the recorder of the Land Court, after the date when
St. 1923, c. 374, became effectual, to insist that, before entering a decree
registering a title upon a petition filed before that statute was enacted,
he should be paid the additional fee established by § 4 of that statute,
amending G. L. c. 262, § 39, in force when the petition was filed.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Suffolk on April 4, 1927, and described in the opinion.

The petition was heard on the pleadings and an agreed statement of facts by *Braley,* J., who ordered it dismissed and reported the case to the full court for determination.

The case·was submitted on briefs.

. *D. J. O'Connell,* for the petitioner.

*A. K. Reading,* Attorney General, & *G. J. Callahan,* Assistant Attorney General, for the respondent.

RUGG, C.J.   This is a petition for a writ of mandamus to compel the recorder of the Land Court to enter a decree registering the title of the petitioner to certain land.  The application for registration was filed in February, 1921. After hearing, the Land Court found that the petitioner had a title to the land proper for registration and ordered a decree confirming and registering the same in the name of the petitioner.   When the application for registration was filed, the fees for registration were fixed by G. L. c. 262, § 39.   Thereafter, but before the hearing in the Land Court, St. 1923, c. 374, was enacted and approved.  By its § 4 a fee for "entry of a decree of registration and sending a memorandum to the assistant recorder" was established.  This was in addition to fees theretofore required and did not appear in any form in said § 39.   The single question presented for decision is whether the recorder rightly can require of the petitioner the payment of this additional fee, or whether the petitioner is entitled to decree in its favor on payment of fees established at the time its application for registration was filed.

Proceedings in the Land Court are judicial in nature.  The fees established by statute for those proceedings relate entirely to procedure.  The fees do not concern the merits of the title. The decision of the court as to the state of the title cannot be affected by the fees.   Determination by the court as to the rights of the applicant in the land described has no relation whatever to the fees and is in no wise dependent upon them. The filing of the application for registration does not give rise to any contractual right in the applicant as against the Commonwealth, or the court, or the recorder.   The change

wrought by St. 1923, c. 374, §4, related wholly to the subject of fees to be paid for the registration of title to land in the Land Court. It does not affect the title to land. No vested right is disturbed. It is a legislative regulation of the terms upon which a decree may be entered in one of the courts of the Commonwealth. It has to do with the procedure by which a decree may be procured, but is foreign to the subject matter of the decree.

Statutes establishing costs and fixing court fees relate to remedy and procedure. They do not impair or touch substantive or vested rights. They apply to pending cases equally with those arising after their enactment, unless a contrary purpose is expressed or fairly inferable from the words used. *Commonwealth* v. *Cambridge*, 4 Met. 35, 42. *Fessenden* v. *Nickerson*, 125 Mass. 316. *Mulvey* v. *Boston*, 197 Mass. 178, 181, 182. *Devine's Case*, 236 Mass. 588, 594, and cases collected. The governing principles of law are amplified in *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, *Manchester* v. *Popkin*, 237 Mass. 434, and *Paraboschi* v. *Shaw*, 258 Mass. 531, although in those cases the facts required a different result. The conclusion is that the recorder of the Land Court rightly demanded the additional fee required by St. 1923, c. 374, § 4.

*Order dismissing petition affirmed.*