Briggs, J.
This is an action of contract in which the plaintiff seeks to recover five hundred seventeen and 28/100 dollars upon an account annexed for “merchandise” sold and delivered to the defendant under date of May 4th, 1929. The answer is a general denial.
At the trial the plaintiff offered a ledger sheet in support of his declaration which bore the name and address of the defendant, and contained about twenty items covering a period from Aug. 1, 1928 to May 4, 1929, the total of the items being the amount alleged in the declaration. It was agreed between counsel, and the Court found, that the plaintiff was engaged in the plumbing and hardware business; that the ledger sheet of the plaintiff was kept in the usual course of business, made in good faith, and all the entries appearing thereon were made before the suit was brought, and that the defendant is the person whose name appears thereon. This was in effect an admission of this ledger sheet as evidence under the provisions of Ch. *315 233, §78 of the General Laws. There was nothing else upon which the Court could base its findings.
The Court ruled “on my findings of fact I rule as a matter of law that the plaintiff is not entitled to recover, and find for the defendant,” and under power conferred by G. L., Ch 231, §108 reported the matter to the Appellate Division for determination.
A plaintiff who declares on a count on an account annexed has by legal intendment made with respect to the item stated in the account annexed all of the allegations contained in all of the common counts. Mass. Mutual Life Ins. Co. vs. Green, 185 Mass. 306.
The defendant, if he desires further itemization of the plaintiff’s general claim, may demand a bill of particulars before answering to the merits. DeMontague vs. Bachrach, 187 Mass. 128.
By filing a general denial to the declaration as filed the defendant put in issue every fact the burden of proof of which rests on the plaintiff. It fairly may be said that the burden is upon the party relying upon the particular fact to prove it.
In this case no evidence other than the ledger sheet was presented to the Court. This was properly admitted. The provisions of G. L., Ch. 233, §78, must be held to make accounts admissible in evidence although they are self serving, provided they were made in good faith in the regular course of business and before the beginning of the court proceedings in question. By this statute the entry in the plaintiff’s private book of account is made evidence of the facts there stated. "What weight should be given to evidence of this kind in view of the general rule of the common law is for the jury or the judge (if without jury) to decide. The evidence is competent.
The Court, in its discretion, before admitting such entry or record in evidence may to such extent as it deems prac *316 ticable or desirable, but to no greater extent than tbe law required before April 11, 1913, require the party offering tbe same to produce and offer in evidence tbe original entry or account or any other from wbicb tbe entry was transcribed, or to call as bis witness any person wbo made tbe entry or any other entry from wbicb tbe facts there stated were taken or wbo has personal knowledge of tbe facts stated in tbe writing offered. When admitted tbe circumstances of tbe making, including lack of personal knowledge by tbe maker, may be shown to affect its weight. Brooks vs. Wilson, 218 Mass. 205, 209; Taylor vs. Harrington, 243 Mass. 210.
This case is reported to us after decision and tbe findings of certain facts by tbe Court. These facts aid us however, only so far as they relate to tbe admissibility of evidence. Tbe weight of tbe evidence was for tbe Court to determine. A judge is not bound to accept evidence as true, even if uncontradicted. If the evidence were believed it was sufficient to support a finding for tbe plaintiff. Tbe ledger sheet, being evidence “of tbe facts there stated” showed that merchandise was charged by tbe plaintiff to tbe defendant, and that á balance remained unpaid thereon. American Locomotive Co. vs. Hamblen, 217 Mass. 513.
It follows that tbe ruling of tbe Court was erroneous and prejudicial to tbe plaintiff. A new trial must be granted, and it is SO ORDERED.