GEORGE OSTERTAG & another *vs.* HAROLD D. CAHALIN.

Middlesex.    December 5, 1961. — February 1, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& SPIEGEL, JJ.

*Statute,* Retroactive statute.  *Motor Vehicle,* Registration.

St. 1959, c. 259, amending G. L. c. 90, § 9, did not apply retroactively in
the determination of the substantive rights arising from an accident
involving an illegally registered automobile occurring before its enact-
ment.

TORT.    Writ in the Superior Court dated March 26, 1959.

The action was heard on an auditor's report by *Toma-
sello,* J., who ordered entry of judgment for the defendant.

The case was submitted on briefs.

*John A. Fiorentino,* for the plaintiffs.

*Arthur J. McLaughlin,* for the defendant.

WILKINS, C.J.    In this motor tort action the plaintiffs,
husband and wife, have been denied recovery because their
car was illegally registered in the name of the wife and the
husband had knowledge of the illegal registration.    The
accident occurred in Arlington on November 30, 1958.    The
writ is dated March 26, 1959.    Subsequently, the Legisla-
ture enacted St. 1959, c. 259, amending G. L. c. 90, § 9, en-
titled, "An Act providing that the failure to register or the
improper registration of a motor vehicle shall not be
deemed to render the vehicle a nuisance or to render any
person a trespasser upon a way."    This was intended as
an abolition of the rule of *Dudley* v. *Northampton St. Ry.*
202 Mass. 443.    See *Comeau* v. *Harrington,* 333 Mass. 768;
Thirty-Third Report of the Judicial Council (1957), Pub.
Doc. 144, pp. 13–17; Thirty-Fourth Report of the Judicial
Council (1958), Pub. Doc. 144, pp. 91–93.    However un-
sound, that rule settled the substantive rights of the parties.
See *Bucher* v. *Fitchburg R.R.* 131 Mass. 156, 158.    There is

no express mandate to make St. 1959, c. 259, retrospective, and no such intention appears by necessary implication. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3. *Welch* v. *Mayor of Taunton, ante,* 485, 487–488. Hence, the amendment is confined to prospective operation.

*Exceptions overruled.*