Raffaele M. deLEO, doing business as
deLeo Associates Company,
Plaintiff,

v.

Alvin A. CHILDS and Mildred Childs,
Defendants.

Civ. A. No. 68-527-J.

United States District Court
D. Massachusetts.

Sept. 26, 1969.

Peter F. Davis, Davis, Davis & Davis, Boston, Mass., for plaintiff.

Morris Michelson, Boston, Mass., for defendants.

MEMORANDUM

JULIAN, District Judge.

Defendants have moved to dismiss the complaint on the grounds of lack of jurisdiction over their persons and insufficiency of process. Rules 12(b) (2) and 12(b) (5), Federal Rules of Civil Procedure. The motion raises questions concerning the scope, effective date, and possible retroactive effect of the Massachusetts "long-arm" statute, Mass.G.L. c. 223A (St.1968, c. 760), which, as yet, have not been considered by the Supreme Judicial Court of Massachusetts.

The underlying facts as they appear from the present record can be briefly stated. Plaintiff, a Massachusetts resident, contracted with defendants, New York residents, for the design and construction by the plaintiff of a nursing home complex, to be built on land owned by the defendants on Martha's Vineyard, Massachusetts. After an initial conference at Martha's Vineyard, the contract was signed in New York at the office of defendants' attorney. Plaintiff's affidavit states that he and his employees undertook considerable research, design, and drafting in preparation for construction of the complex. In this suit the plaintiff seeks to recover the profits lost as a result of the defendants' allegedly wrongful termination of the contract and the value of the work actually performed prior to the termination.

Plaintiff filed his original complaint on June 21, 1968. Jurisdiction was founded on diversity of citizenship and an amount in controversy allegedly exceeding ten thousand dollars, exclusive of interest and costs, 28 U.S.C. § 1332.

On July 25, 1968, a deputy marshal attached all real estate owned by defend-ants on Martha's Vineyard in Massachusetts and deposited the writ of attachment, with his return, in the Registry of Deeds for Dukes County. No service of process was made upon the persons of the defendants, neither of whom could be found within this District. Nor was personal service of process then attempted upon the defendants at their residence in Bronx, New York, since Massachusetts law on that date did not permit such extraterritorial service.

On the same day that the deputy marshal made his return, July 25, 1968, the new Massachusetts "long-arm" statute, Mass.G.L. c. 223A (St.1968, c. 760), was approved. Subsequently, on September 9, 1968, plaintiff filed an amended complaint, containing additional allegations, conformable to §§ 3(a) and 3(e) of Mass.G.L. c. 233A,[1] that the cause of action arose from defendants' "transaction of business" in Massachusetts and involved construction work "to be performed on and to * * * real property owned by the defendants" in Massachusetts. A new summons issued, and on September 26, 1968, a deputy marshal for the Southern District of New York served the new summons and the amended complaint upon defendants personally at their home in Bronx, New York, as permitted by the new Massachusetts statute, Mass.G.L. c. 223A, §§ 4, 6, 7.

Defendants, purporting to appear specially,[2] filed the present motion to dismiss on October 24, 1968. Following oral arguments on November 18, 1968, both sides filed memoranda of law. Defendants advance three principal grounds for dismissal.

1. Defendants first argue that, on the facts of this case, the "long-arm"

---

**1.** The pertinent part of section 3 of chapter 223A provides:

"A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's

"(a) transacting any business in this commonwealth; [or]

* * * * * *

"(e) having an interest in, using or possessing real property in this commonwealth; * * *."

**2.** Rule 12(b), Fed.R.Civ.Proc., renders unnecessary the former practice of entering a "special appearance" in order to preserve exceptions to jurisdiction. 2A Moore's Federal Practice, ¶ 12.02, p. 2226, n. 4 (1968); Wright, Federal Courts, § 66, p. 243 (1963).

statute is inapplicable.[3] The thrust of their assertion is twofold: first, that they are not persons "transacting any business" in Massachusetts, Mass.G.L. c. 223A, § 3(a); second, that a dispute arising from contracting for construction of a building on land does not arise from "having an interest in, using or possessing real property in this commonwealth * * *." Mass.G.L. c. 223A, § 3(e). To substantiate their claim, the defendants rely upon affidavits which tend to show that the negotiations leading to and the signing of the contract occurred in New York.[4]

As a guide in construing statutes a court should be mindful of the purposes for which the statute was enacted. Long-arm statutes are expressions of a legislative attempt to create a new basis of jurisdiction which, within constitutional limitations, will afford the citizens of a State a forum for causes of action arising from the activities of nonresidents within the State. (See Note, "The Virginia 'Long Arm' Statute," 51 Va.L.Rev. 719 (1965)). These statutes codify a new type of personal jurisdiction based on activities deemed more relevant than mere physical presence of a defendant or his agent in a State. As long as constitutional limits are not crossed, a court should interpret the statute to effectuate a State's legitimate desire to protect its citizens. In this case no constitutional infirmity is claimed and none is perceived.

This Court is of the opinion that the cause of action arises from defendants' "having an interest in, using or possessing real property" within the meaning of the Massachusetts "long-arm" statute, Mass.G.L. c. 223A, § 3(e). Defendants retained the services of a Massachusetts architect to design and construct a nursing home on Massachusetts land owned by defendants. The land constituted an essential element of the transaction, for it was that land that was to be improved by the performance of the contract. It is obvious that without the land there would have been no contract. Every element in the performance of the contract related to the Massachusetts land. The design of the nursing home, the preparation of the site, and the construction of the buildings had meaning only in relation to the land owned by defendants. If a dispute, such as the one involved in this case, arose regarding the performance of the contract, it would seem perfectly reasonable to conclude that it arose from the defendants' "having an interest in, using or possessing real property * * *" in Massachusetts.[5] Accordingly, I hold that on the present record the defendants' alleged actions brought them within the terms of section 3(e) of Mass.G.L. c. 223A.[6] In this posture of the case it is unnecessary to decide whether defendants' actions also fall within the meaning of section 3(a) of the statute.

---

3. Of course, if on the facts of the case defendants fall under the State statute, Federal Rule of Civil Procedure 4(e) authorizes the use of the State statute to obtain extraterritorial service of process on these nonresident defendants in proceedings in this Court. Defendants do not contend otherwise.

4. Defendants' affidavit concedes that on one occasion defendant Mildred A. Childs and her attorney met plaintiff on the property in Massachusetts and pointed out the boundaries in contemplation of plaintiff's making of a survey and topographical map.

5. See Snow v. Clark, 1967, W.D.Va., 263 F.Supp. 66; Porter v. Nahas, 1962, 35 Ill. App.2d 360, 182 N.E.2d 915.

6. Defendants' argument that section 3(e) relates only to litigation over incidents of title is untenable in view of the broad statutory language.

Another rationale, not suggested by counsel, for concluding that the activities in question did not come within the "long-arm" statute, would emphasize the contractual aspect of the disputants' relationship. By this theory, the cause of action arose from breach of contract rather than from "having an interest in, using or possessing real property * * *." The rationale does not appeal to the Court, however, because it exaggerates the importance of legal formalism and distorts the nature and substance of the activities involved.

2. The defendants' second contention is that Mass.G.L. c. 223A was not yet effective on September 26, 1968, when they were served with process in New York. The Massachusetts Constitution provides that no State statute shall take effect earlier than ninety days after it has become law, with the exception of emergency laws and laws which may not be made the subject of a referendum petition. Article 48 of the Amendments to the Constitution of Massachusetts, The Referendum, I. On the other hand, laws which may not be made the subject of a referendum petition are, by statute, to take effect "on the thirtieth day next after the earliest day on which it has the force of a law." Mass.G.L. c. 4, § 1. The "long-arm" statute, Mass.G.L. c. 223A, was approved on July 25, 1968. If, therefore, it qualifies as a law which may not be made the subject of a referendum petition, its effective date would have been thirty days later on August 24, 1968—well in advance of the actual date of service in this case. Otherwise the effective date would have been October 23, 1968, and the service of process in this case, made on September 26, 1968, would be invalid.

▮ Among the laws which the Massachusetts Constitution excludes from challenge by referendum petition are those relating "to the powers, creation or abolition of courts." Article 48 of the Amendments to the Constitution of Massachusetts, The Referendum, III, § 2. A statute extending the jurisdiction of courts to certain classes of nonresidents would seem to be one that relates to the "powers" of courts in the most basic sense.[7] This Court holds that Mass.G.L. c. 223A was not susceptible to challenge by referendum petition and that it became effective on August 24, 1968, before service of process was made upon the defendants in this case.

▮ 3. Defendants contend finally, whatever the effective date of Mass.G.L. c. 223A, that it does not apply retroactively to causes of action which arose or to cases which were actually commenced prior to the effective date of the statute. This question, like the two preceding, appears never to have been decided by any Massachusetts State court, although similar statutes have been held to be retroactive in New York and Illinois. Longines-Wittnauer W. Co. v. Barnes & Reinecke, Inc., 1965, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68, cert. denied sub nom. Estwing Manufacturing Co., Inc. v. Singer, 1965, 382 U.S. 905, 86 S. Ct. 241, 15 L.Ed.2d 158; Nelson v. Miller, 1957, 11 Ill.2d 378, 143 N.E.2d 673. And retroactive application of such a statute is not repugnant to the federal Constitution. Cf. McGee v. International Life Ins. Co., 1957, 355 U.S. 220, 224, 78 S.Ct. 199, 2 L.Ed.2d 223.

The long-established principles governing retroactivity of statutes in Massachusetts were summarized by Chief Justice Rugg in Hanscom v. Malden & Melrose Gas Light Co., 1914, 220 Mass. 1, 3, 107 N.E. 426, 427, as follows:

"The general rule of interpretation is that all statutes are prospective in their operation, unless an intention that they shall be retrospective appears by necessary implication from their words, contexts or objects when considered in the light of the subject-matter, the pre-existing state of the law and the effect upon existent rights, remedies and obligations. * * * *It is only statutes regulating practice, procedure and evidence, in short, those relating to remedies and not affecting substantive rights, that commonly are treated as operating retroactively, and as applying to pending actions or causes of action.*" (Emphasis added.)

The distinction thus drawn between statutes which adversely affect vested, substantive rights and those statutes

---

7. The two cases cited by defendants—Coyle v. Swanson, 1962, 345 Mass. 126, 185 N.E.2d 741, and Opinion of the Justices, 1941, 309 Mass. 555, 34 N.E.2d 431— are not in point.

which affect only the remedies available for enforcement of pre-existing substantive rights has been justified on the ground that, if the former

> "were construed to operate retroactively, at least in so far as the previously acquired rights of individuals were affected, there might be hardship as well as constitutional difficulties."

Greenaway's Case, 1946, 319 Mass. 121, 123, 65 N.E.2d 16, 18; Berkwitz, Petitioner, 1948, 323 Mass. 41, 47, 80 N.E.2d 45; E. B. Horn Co. v. Assessors of Boston, 1947, 321 Mass. 579, 584, 74 N.E.2d 421.

Thus, for example, statutes have been held not retroactive where a contrary result would have impaired vested property rights.[8] Similarly, statutes which would have the effect of removing a substantive impediment to suit by various classes of persons [9] or of extinguishing theories of liability[10] have been given prospective application only.

In contrast, statutes have been deemed retroactive where they changed or altered the forum in which pre-existing rights might be enforced,[11] or altered

8. Hanscom v. Malden & Melrose Gas Light Co., *supra* [statute which would have had effect of reinstating a lien on plaintiff's land which had dissolved under prior law, held *not* retroactive]; Manchester v. Popkin, 1921, 237 Mass. 434, 436, 130 N.E. 62 [statute which would limit existing mechanic's lien, *not* retroactive].

Massachusetts decisions have applied a similar rule to statutes which, by enlarging a statute of limitations, would result in a revival of claims previously barred by the predecessor statute. Mulligan v. Hilton, 1940, 305 Mass. 5, 24 N.E. 2d 676, 133 A.L.R. 376; Garfield v. Bemis, 1861, 84 Mass. (2 Allen) 445; *but see* Foster v. President, etc., of Essex Bank, 1819, 16 Mass. (16 Tyng) 245, 271; *contra* Chase Securities Corp. v. Donaldson, 1945, 325 U.S. 304, 315, 65 S.Ct. 1137, 89 L.Ed. 1628, and Campbell v. Holt, 1885, 115 U.S. 620, 628, 6 S.Ct. 209, 29 L.Ed. 483.

9. Ostertag v. Cahalin, 1962, 343 Mass. 523, 179 N.E.2d 894 [statute repealing law barring automobile tort victims whose car was illegally registered from suing, held, *not* retroactive]; Manley's Case, 1932, 280 Mass. 331, 334–335, 182 N.E. 486 [statute permitting employee injured while using wife's car in course of employment to sue employer under Workmen's Compensation Act, where such suit was previously barred, held *not* retroactive]; Bucher v. Fitchburg R. R., 1881, 131 Mass. 156 [statute extinguishing bar to suit against negligent carrier by passenger injured while traveling on Lord's Day, held *not* retroactive]; *contra* Hewitt v. Wilcox, 1840, 42 Mass. (1 Met.) 154 [statute removing bar to unlicensed physician's suit for value of services rendered, *retroactive*].

10. Coyle v. Swanson, 1962, 345 Mass. 126, 127, 185 N.E.2d 741 [statute abolishing trespasser on the highway doctrine, held *not* retroactive]; Hennessey v. Moynihan, 1930, 272 Mass. 165, 172 N.E. 93 [statute repealing requirement that motorist approaching pedestrian sound horn, held *not* retroactive].

11. Berkwitz, Petitioner, 1948, 323 Mass. 41, 80 N.E.2d 45 [Rule transferring to Supreme Judicial Court exclusive, rather than prior concurrent, jurisdiction over disbarment proceedings, applied retroactively to petition for reinstatement filed in lower court under prior Rule]; Devine's Case, 1921, 236 Mass. 588, 129 N.E. 414 [statute requiring submission of Workmen's Compensation disputes to single board member instead of former arbitration panel, held retroactive]; Simmons v. Inhabitants of Hanover, 1839, 40 Mass. (23 Pick.) 188, 194 [statute confirming court's jurisdiction in earlier cases where jurisdiction had been lacking, held *constitutional as being remedial*]; George v. Reed, 1869, 101 Mass. 378 [statute granting courts discretion to allow amendments changing certain law suits into equity proceedings, and vice versa, held retroactive]; Bemis v. Clark, 1831, 28 Mass. (11 Pick.) 452, 454 [statute permitting court in nuisance action to give additional relief of abatement, held retroactive]; see Gilpatrick v. Cotting, 1913, 214 Mass. 426, 101 N.E. 993 [statute permitting joinder in single action of wrongful death and conscious suffering counts, retroactive].

*Contra*, Buck v. Dowley, 1860, 82 Mass. (16 Gray) 555, 557–558 [statute conferring general equity jurisdiction, *not* applicable retroactively to pending proceeding instituted at time when equity jurisdiction was limited].

procedural[12] or evidentiary[13] rules, or shortened statutes of limitations.[14] And statutes which have limited existing remedies[15] or created new or enlarged remedies for the vindication of existing rights[16] have been deemed retroactive in a long line of decisions.[17]

■ The Massachusetts "long-arm" statute, Mass.G.L. c. 223A, is a statute regulating practice and procedure. It does not "impair or touch substantive or vested rights" of the defendants, Hollingsworth and Vose Co. v. Recorder of the Land Court, 1928, 262 Mass. at 47, 159 N.E. at 544. Defendants had no vested, substantive right not to be sued in Massachusetts on their contract. See Nelson v. Miller, 1957, 11 Ill.2d 378, 143 N.E.2d 673, 676. The statute is remedial in the "purest sense of that term, and neither enlarged nor impaired * * * rights or obligations under the contract." McGee v. International Life Insurance Co., *supra*, 355 U.S. at 224, 78 S.Ct. at 201. The statute simply creates a new procedural remedy for the enforcement of existing contractual obligations by permitting plaintiff to prosecute his claim in a Massachusetts forum.[18]

12. E. B. Horn Co. v. Assessors of Boston, 1947, 321 Mass. 579, 74 N.E.2d 421 [statute shortening time for appeal to Appellate Tax Board, held retroactive]; Wynn v. Board of Assessors, 1932, 281 Mass. 245, 183 N.E. 528 [change in procedure in tax abatement proceedings, held retroactive]; Hollingsworth and Vose Co. v. Recorder of the Land Court, 1928, 262 Mass. 45, 159 N.E. 543 [statute creating new filing fee, retroactive to pending actions]; Robbins v. Holman, 1853, 65 Mass. (11 Cush.) 26 [statute authorizing default for failure to file timely answers to interrogatories, retroactive to pending actions].

13. Smith v. Freedman, 1929, 268 Mass. 38, 167 N.E. 335 [statute shifting burden of proof to show negligent driver's lack of authority from owner, held retroactive]; American Locomotive Co. v. Hamblen, 1912, 217 Mass. 513–515, 105 N.E. 371 [statute making "business records" admissible in evidence, held retroactive].

14. E. S. Parks Shellac Co. v. Jones, 1928, 265 Mass. 108, 112, 168 N.E. 883; Mulvey v. City of Boston, 1908, 197 Mass. 178 and cases cited at 181, 83 N.E. 402; Nelson v. Blinn, 1908, 197 Mass. 279, 83 N.E. 889, 15 L.R.A.,N.S., 651.

15. Wilson v. Head, 1904, 184 Mass. 515, 518, 69 N.E. 317; Yeomans v. Heath, 1904, 185 Mass. 189, 70 N.E. 1114 [statute constricting theories of recovery on wagering contracts].

16. Welch v. Mayor of Taunton, 1962, 343 Mass. 485, 487, 179 N.E.2d 890 [statute authorizing appointing authority to remove member of light commission from office for malfeasance, applicable retroactively to malfeasance predating statute]; Ring v. City of Woburn, 1942, 311 Mass. 679, 43 N.E.2d 8 [statute authorizing taxpayer's suits against town for town's failure to appropriate adequate funds for schools, retroactive]; Selectmen of Amesbury v. Citizens Elec. St. Ry., 1908, 199 Mass. 394, 85 N.E. 419, 19 L.R.A.,N.S., 865 [statute permitting town to file petition in Supreme Judicial Court to correct wrongful discontinuance of street railway service, applicable retroactively to discontinuance predating statute]; Rogers v. Nichols, 1904, 186 Mass. 440, 443, 71 N.E. 950 [statute permitting redemption of land sold for taxes by payment to collector rather than tax sale purchaser, held applicable where taxes were assessed prior to statute]; Wood v. Westborough, 1886, 140 Mass. (26 Lath.) 403, 409, 5 N.E. 613 [statute permitting mortgagee to join mortgagor in suit for landtaking, applicable retroactively to taking predating statute]; Hewitt v. Wilcox, 1840, 42 Mass. (1 Met.) 154 [statute repealing statutory bar to unlicensed physician's suit for value of services rendered, held retroactive on theory that underlying contract right always existed].

17. Although application of these principles has not been uniform, see cases collected in *Hanscom, supra*, 220 Mass. at 4–5 of 220 Mass., 107 N.E. 426, the cases cited in notes 11 through 16 above represent the prevailing rule during this century.

18. Defendants' reliance upon Paraboschi v. Shaw, 1927, 258 Mass. 531, 155 N.E. 445, 447, and O'Donnell v. Registrar of Motor Vehicles, 1933, 283 Mass. 375, 186 N.E. 657, is misplaced. In *Paraboschi* the Massachusetts court refused to give retroactive effect to a statute authorizing service of process upon nonresident motorists involved in accidents within Massachusetts by service upon the Registrar as the nonresident's agent. This decision rested on the fact that this statute imposed

I hold, therefore, that Mass.G.L. c. 223A applies retroactively to causes of action which arose, and to litigation instituted, prior to the effective date of the statute. Accordingly, it applied to this case, and the service of process made upon defendants was sufficient.

Defendants' motion to dismiss is denied.

a contractual obligation of agency upon the nonresident, which involved "substantive rights and not merely * * * remedy." And the decision carefully distinguished the line of cases, cited above in notes 11, 12 and 15. The same reasoning led to a similar result in *O'Donnell*, where the court was careful to add (pp. 378–379, 186 N.E. p. 658) :

"Statutes changing the method of service of process may be made applicable to pending causes of action, provided some adequate service is established. See Devine's Case [supra, note 11]."