**John J. MARK, Plaintiff,**

v.

**OBEAR AND SONS, INC., and Chamor Manufacturing Corp., Defendants.**

**Civ. A. No. 69–798–J.**

United States District Court,
D. Massachusetts.

May 27, 1970.

---

**374**

———◆———

Fink, Sugarman & Chapman, Neil Sugarman, Boston, Mass., for plaintiff.

Obear and Sons, Inc., Walter G. Murphy (Appearing Specially), Boston, Mass., for defendant.

Laurence J. Bloom, Ficksman & Conley, Boston, Mass., for Chamor Manufacturing Corp.

## OPINION

JULIAN, District Judge.

The question raised by defendant's motion to dismiss is a jurisdictional one: does this Court have personal jurisdiction over defendant Obear and Sons, Inc., by virtue of the recently enacted Massachusetts long-arm statute.

Obear and Sons, Inc. ("Obear") is a California corporation which manufactures and assembles abrasive cut-off saws in California. Obear distributes these machines in Massachusetts through an exclusive distributor, defendant Chamor Manufacturing Corp. ("Chamor"), a New York corporation.[1]

1. In its supplemental affidavit in support of its motion to dismiss, Obear states as follows:

"The defendant Obear deals in Massachusetts for such equipment as is purchased by Massachusetts residents ex-

There is no evidence that Chamor is a subsidiary of Obear or that Obear owns any stock in Chamor. Chamor is a separate legal entity from Obear.

Obear's products are sold to Massachusetts purchasers by Chamor under an arrangement between Obear and Chamor whereby Chamor acts as the exclusive distributor of Obear's products in Massachusetts. This arrangement has been in effect since at least January 1964. Upon request Obear sends its catalogs, including information on abrasive cut-off saws, by mail into Massachusetts. In the event of a purchase by a customer in Massachusetts the order is turned over to Chamor. Chamor bills the customer, and Obear in turn bills Chamor.

The plaintiff, a resident of Massachusetts, claims he was injured while operating an abrasive cut-off saw manufactured by Obear. The accident is claimed to have occurred in Massachusetts on or about February 23, 1968. The plaintiff claims that the accident was caused by the defective and dangerous condition of the saw resulting from its negligent manufacture and/or design by Obear. The saw was purchased in Massachusetts from Chamor pursuant to the exclusive distributorship arrangement existing between Obear and Chamor.

All sales of Obear products in Massachusetts are effectuated through Chamor, its exclusive distributor.

Obear concedes that the total gross sales within Massachusetts of products manufactured by Obear is approximately $5,000 per year but states that this figure represents only .5% of its total annual sales of a million dollars.

Resolution of the legal issues presented by the motion depends upon whether the factual situation falls within the provisions of the Massachusetts long-arm statute. The applicable section of the statute, G.L. c. 223A, § 3, reads in pertinent part as follows:

"A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

\* \* \* \* \* \*

"(d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth \* \* \*."

The motion to dismiss raises two issues:[2]

1) Whether Obear is a person "who acts directly \* \* \* as to a cause of action \* \* \* arising from the person's \* \* \* causing tortious injury in this commonwealth by an act or omission outside this commonwealth", and

2) Whether Obear "derives substantial revenue from goods used or consumed \* \* \* in this commonwealth \* \* \*."

As to the latter issue the statutory use of "substantial revenue" is necessarily imprecise. Annual revenue of $5,000 is not insubstantial as a matter of law. It is true that .5% is a small ratio. Ratio, however, is not the test since ratio is not itself a quantity but merely the relation of one quantity to another. Thus if Obear were a giant corporation with an-

---

clusively through a distributor, Chamor \* \* \*, a New York corporation. Chamor is not an agent or servant of Obear, is not owned in whole or in part by Obear and is an independent contractor \* \* \*."

2. It has also been suggested by defendant that the Massachusetts long-arm statute

is not retroactive in application. That question has now been resolved in favor of retroactivity. Diamond Crystal Salt Co. v. P. J. Ritter Co., 1969, 1 Cir., 419 F.2d 147. See also deLeo v. Childs, 1969, D.Mass., 304 F.Supp. 593.

nual sales of one billion dollars, the same small percentage would amount to five million dollars.

██ "Long-arm statutes are expressions of a legislative attempt to create a new basis of jurisdiction which, within constitutional limitations, will afford the citizens of a State a forum for causes of action arising from the activities of nonresidents within the State. (See Note, 'The Virginia "Long Arm" Statute,' 51 Va.L.Rev. 719 (1965)). These statutes codify a new type of personal jurisdiction based on activities deemed more relevant than mere physical presence of a defendant or his agent in a State. As long as constitutional limits are not crossed, a court should interpret the statute to effectuate a State's legitimate desire to protect its citizens. In this case no constitutional infirmity is claimed and none is perceived." deLeo v. Childs, 1969, D.Mass., 304 F.Supp. 593. Obear derives approximately $5,000 a year from sales of its products in Massachusetts and, considering the purpose for which the long-arm statute was enacted, this Court concludes that $5,000 is "substantial revenue" within the meaning of the statute.

A contrary finding would tend to defeat the legislative purpose of protecting the rights of the citizens of the State. In this case the plaintiff would be required to prosecute his claim in California. The expense and inconvenience confronting a claimant who must go to another State, perhaps across the country, to initiate and prosecute a law suit might well prove prohibitive and result in a denial of justice.

██ The average consumer who is injured by a defective product generally lacks the resources necessary to enable him to prosecute his claim effectively against the manufacturer who is situated in a distant jurisdiction. Thus a manufacturer such as Obear whose plant is a great distance from the State where it causes its products to be marketed could as a practical matter insulate itself against suits by injured consumers by the simple expedient of marketing its products through an independent distributor. It is one of the aims of the long-arm statute to provide an injured consumer with a more effective remedy against the negligent manufacturer who studiously avoids being "present" in the jurisdiction in which he causes his products to be marketed.

██ There remains the question whether defendant Obear is "a person, who acts directly * * * as to a cause of action * * *." Mass.G.L. c. 223A, § 3. Obear designed and manufactured an abrasive cut-off saw in an allegedly negligent manner and caused it to be marketed in Massachusetts. This participation is sufficient to meet the requirement of the statute. There is a direct relationship of cause and effect between the negligent manufacture of a defective tool and the injury caused by the defect.

The interposition of Chamor as a distributor does not in fact break the causal connection between Obear's negligence and the resulting injury to the plaintiff. MacPherson v. Buick Motor Co., 1916, 217 N.Y. 382, 111 N.E. 1050; Carter v. Yardley & Co., 1964, 319 Mass. 92, 64 N.E.2d 693, 700; Prosser, Law of Torts, 3d ed., pp. 658–671 (1964).[3]

It is fair and just that Obear be required to defend this action in Massachusetts. The machine was sold in Massachusetts. Obear specifically intended that its machines, including the machine here involved, be marketed in Massachusetts and to that end entered into a standing arrangement with Chamor whereby it made the latter its exclusive distributor in that State. The plaintiff was injured in Massachusetts and resides there. The injuries were

---

3. At this stage of the proceedings the Court intimates no opinion on whether a substantive cause of action exists under Massachusetts law. Reference to the law of torts is made solely for the purpose of helping to solve the jurisdictional problem in this case.

allegedly caused in Massachusetts by reason of Obear's negligent manufacture of the machine. The witnesses to the accident and the medical witnesses are normally to be found in the State where the injury occurs. It would be unfair to require the plaintiff to go to California to seek his legal remedy.

This Court holds that it has personal jurisdiction over Obear.

The result here reached is not at variance with Singer v. Piaggio & C., 1970, 1 Cir., 420 F.2d 679, or Seymour v. Parke, Davis & Co., 1970, 1 Cir., 423 F.2d 584.

Obear's motion to dismiss is denied.