**UNITED STATES of America,**
**Plaintiff,**

v.

**Leroy Frank COLLIER et al.,**
**Defendants.**

**No. 47977.**

United States District Court,
E. D. Michigan, S. D.

April 26, 1973.

Robert P. Hurlbert, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Neil H. Fink, S. Allen Early, Jr., Detroit, Mich., for defendants.

## MEMORANDUM OPINION

RALPH M. FREEMAN, District Judge.

Defendant Leroy Frank Collier seeks in this motion to quash Count II of the Indictment which charges defendant with violating 21 U.S.C. § 848, the continuing criminal enterprise section of the Comprehensive Drug Abuse, Prevention and Control Act. Under § 848 it is unlawful for any person to engage in a continuing criminal enterprise. Subsection (b) of this statute defines continuing criminal enterprise as follows:

"A person is engaged in a continuing criminal enterprise if—

(1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and

(2) such violation is a part of a *continuing series* of violations of this subchapter or subchapter II of this chapter—

(A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

(B) from which such person obtains *substantial income* or resources." (emphasis added)

Defendant claims that the terms "continuing series" and "substantial income" italicized above are so vague that they fail to warn an individual of the criminal consequences of his conduct and thus deprive him of due process of law. Count II of the Indictment incorporates Counts I and III of the Indictment and charges in the language of the statute that the violations listed in Counts I and III are a part of "a continuing series of violations of subchapters I and II . . ." In addition Count II charges that defendant obtained substantial income from said continuing series of violations.

Count I charges defendant with violating 21 U.S.C. § 963. That section provides

"Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

Allegedly the defendants in this case conspired to violate sections 952(a) and 960 which provide that it is illegal to import controlled substances into the customs territory of the United States or into the United States.

Count III alleges that defendant Leroy Collier, on or about May 31, 1972, did knowingly and intentionally unlawfully possess with intent to distribute approximately eight kilograms of cocaine in violation of §§ 841(a) and 841(b)(1)(A).

The parties disagree as to the parameters of this Court's examination of the statute. Defendant contends that the Court must view the statute on its face, while the Government maintains that we must view the statute in light of evidence presented on the Government's case. In other words the Government views the motion as being premature. We do not agree with either of the positions presented for the reasons set forth below.

As discussed in the briefs submitted by the parties, a criminal statute must adequately warn an individual of the criminal consequences of his conduct. Jordan v. De George, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886 (1951). However, not every ambiguity in a statute renders it unconstitutional. Thus the mere fact that the exact parameters of the statute are unclear does not prevent proper application of the statute to conduct clearly within the bounds of the statute. Thus, in United States v. National Dairy Products Corp., 372 U.S. 29, 32, 83 S.Ct. 594, 597, 9 L.Ed.2d 561 (1963) the Court said:

The strong presumptive validity that attaches to an Act of Congress has led this Court to hold many times that statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language . . . In determining the sufficiency of the notice a statute must of necessity be examined in the light of the conduct with which a defendant is charged.

In that case the defendants were charged with violating § 3 of the Robinson-Patman Act which prohibits sale of goods at "unreasonably low prices" for the purpose of destroying competition. The indictment charged the defendants specifically with selling "below cost". The court said that in light of the principles set forth heretofore if § 3 gave defendants "sufficient warning that selling *below cost* for the purpose of destroying competition is unlawful, the statute is constitutional as applied to them." (emphasis added) Thus a statute is not always viewed on its face alone. See also United States v. Raines, 362 U.S. 17, 22, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960).

In United States v. Raines, supra, at p. 22, 80 S.Ct. p. 523 the court reached this same conclusion, stating that a defendant is limited to his own situation in determining constitutionality. The court went on to list, however, the exceptions to that rule as follows:

a) Where the rights of others not before the court would be impaired and where there is no way to preserve these rights;

b) Where the statute inhibits free speech;

c) Where a statute has been declared unconstitutional as to so many situations that it is no longer vital.

None of these situations covers the case at bar. See also Daulton v. United States, 474 F.2d 1248 (6th Cir. 1973).

Thus it is true as defendant points out that in many cases the Supreme

Court has viewed statutes on their face. But the cases cited by defendant involved statutes that fell within the exceptions listed in *Raines*, supra. Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940); Coates v. City of Cincinnati, 402 U.S. 611, 91 S. Ct. 1686, 29 L.Ed.2d 214 (1971); Dombrowski v. Pfister, 380 U.S. 479, 85 S. Ct. 1116, 14 L.Ed.2d 22 (1965); N.A.A. C.P. v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); and Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939), cases cited by defendant, were all cases in which the statutes were alleged to infringe on the First Amendment rights of individuals. Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926), another case relied upon by defendant clearly discussed the facts underlying the declaratory judgment action. The statute was viewed in light of the fact situation before the Court. It is true that in Giaccio v. Pennsylvania, 382 U.S. 399, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966), the court viewed a statute on its face which did not involve First Amendment problems. But the statute in question involved the right of the jury on a misdemeanor trial to assess costs against an acquitted defendant. There was no conduct to review. The evidence presented at trial had no bearing on the statute. The only manner in which the statute could ever be reviewed was on its face.

Thus, the court in *National Dairy*, supra, stated where First Amendment rights are not involved and where the statute is directed only at

"activity which is neither constitutionally protected nor socially desirable. We are thus permitted to consider the warning provided by § 3 not only in terms of the statute 'on its face' but also in the light of the conduct to which it is applied."

See also Coates v. City of Cincinnati, supra, at p. 618 of 402 U.S., 91 S.Ct. 1686 (dissent of J. White) and Boyce Motor Lines v. United States, 342 U.S. 337, 343, 72 S.Ct. 329, 96 L.Ed. 367 (1952).

■ Under these circumstances this Court finds that it may look at the conduct charged in the Indictment and determine whether the language of the statute advised the defendant that this particular conduct violated the statute. We note, however, that we find no authority to look beyond the Indictment to facts which may be proved at trial. The cases we have reviewed talk in terms of conduct charged and not conduct which may be proved on the trial of the case.

In the case of Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 72 S.Ct. 329, 96 L.Ed. 367 (1952) the defendant tried to introduce certain facts not contained in the Indictment in its motion to dismiss the Indictment because of the unconstitutionality of the statute in question. The Supreme Court said at page 343, 72 S.Ct. at 332,

But that is plainly a matter for proof at the trial. We are not so conversant with all the routes in that area that we may, with no facts in the record before us, assume the allegations of the indictment to be false.

In a footnote to this section the court stated

This case is here to review the granting of a motion to dismiss the indictment. It should not be necessary to mention the familiar rule that, at this stage of the case, the allegations of the indictment must be taken as true.

This case seems to make clear that only the Indictment may be viewed by the court in determining the conduct allegedly in violation of the statute. Under these circumstances the statements in the Government's brief of facts that will be shown at trial or which appear in depositions are not properly before the court at this time on this motion.

■ However, where the Indictment merely sets forth the charge in the language of the statute, the statute can only be viewed on its face. In United States v. Cohen Grocery Company, 255 U.S. 81, 41 S.Ct. 298, 65 L.Ed. 516 (1921), a case distinguished, but not overruled in *National Dairy Products,*

supra, the court held a statute unconstitutional where the Indictment merely named the price collected and charged in the exact language of the statute that defendant had charged an "unjust or unreasonable rate." The court held that no specific or definite act was proscribed by the statute or alleged in the Indictment. Moreover, the court found no standard which could be impliedly encompassed by the statute leaving the determination of the meaning of "unjust" and "unreasonable" totally to the discretion of the court and the jury. Under these circumstances, the court held the statute unconstitutional.

The first phrase that troubles defendant is "continuing series of violations." As to the word "continuing" the court is concerned with the time period encompassed by this term. Webster's New World Dictionary (2d Ed. 1972) defines continuing as "to remain in existence or in effect; last; endure." In United States v. Midstate Horticultural Co., 306 U.S. 161, 59 S.Ct. 412, 83 L.Ed. 563 (1939) the court in determining a question of venue was required to determine whether the crime was a "continuing offense". The court defined continuing offense as a "continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy." See also, State v. O. C. Johnson, 212 N.C. 566 at p. 570, 194 S.E. 319 (1937); Black's Law Dictionary (4th Ed. 1951) *"Continuing.* Enduring; not terminated by a single act or fact; subsisting for a definite period or intended to cover or apply to successive similar obligations or occurrences." Thus the term "continuing" on its face seems to have acquired a reasonably clear meaning through judicial interpretation.

The term "series" is defined often as meaning three or more related events. See Webster's Third New International Dictionary, 1966. In Tarsia v. Nick's Laundry & Linen Supply Co., 239 Or. 562, 399 P.2d 28 (1965), the court read a civil statute prohibiting a "series of acts" to mean three or more "things or events standing or succeeding in order and having like relationships to each other." In *Tarsia* the court reversed the judgment against defendant because only two, not three related and prohibited acts had been proven.

The word "series" would seem in light of dictionary definitions and *Tarsia* to mean three or more related acts and thus we find that term alone is not vague even on its face.

We note that only two specific violations of the chapters in question have been alleged in the Indictment. However, we view this as a matter of proof on the trial of this case. The Indictment does not state that "these two alleged violations constitute a continuing series of violations", but only alleges that they are part of a "continuing series of violations." Moreover, certain of the overt acts set forth in Count I of the Indictment, namely, paragraphs 3 and 13, constitute violations of other sections of the Act. Within Counts I and III of the Indictment at least three violations of the Act appear. Thus, this Court finds that this conduct clearly falls within the term "continuing series of violations" even if the exact parameters of the statute were found to be unclear. In addition, we find that on its face the term "continuing series" is not so vague that a person is not sufficiently warned of the consequences of his conduct nor is it so vague that the judge and jury will be unable to apply that term to defendant's conduct.

The term "substantial income" also gives the defendant trouble. Since the Indictment charges defendant in the language of the statute, naming no dollar figure or other figure of value, we are left with only the face of the statute in determining its scope and validity. Substantial is defined by Black's Law Dictionary, *supra*, as meaning "of real worth and importance; of considerable value; valuable."

The Government has cited two cases involving tax statutes in which courts refused to hold the term "substantial income" void for vagueness. See Levenson v. United States, 157 F.Supp. 244

(N.D.Ala.1957) and Safe Deposit & Trust Company of Baltimore v. Magruder, 34 F.Supp. 199 (D.Md.1940). The term substantial has appeared in many other legal settings. Thus in the area of patent law the court is asked to determine whether the accused device is "substantially equivalent" to the protected device. Under the long arm statutes of Massachusetts and Ohio the courts have jurisdiction over entities that derive "substantial revenue from goods" sold in the state. See Stewart v. Bus and Car Co., 293 F.Supp. 577 (N.D.Ohio, 1968) and Mark v. Obear & Sons, Inc., 313 F. Supp. 373 (D.Mass.1970).

Likewise, in the case of Joseph E. Seagram and Sons, Inc. v. Hostetter, 384 U.S. 35, 86 S.Ct. 1254, 16 L.Ed.2d 336 (1966), the court upheld the use of the term "principal or substantial business" in a state liquor control statute. The court said at pages 48 and 49, 86 S.Ct. at page 1263,

> The claim of vagueness is centered upon the term "principal or substantial." We cannot agree that that language is so vague as to be constitutionally invalid.

Although this Court has been greatly troubled by the language of this statute, we note the remarks of the Supreme Court in Jordan v. DeGeorge, supra, when they were reviewing the term "moral turpitude". The court said in *Jordan* that the term had been used frequently over the years in statutes and had never been held constitutionally vague. These circumstances, the court said, cast doubt upon a challenge to the precision of the term. Thus, although the term "substantial" is not perhaps the best term available, this Court finds that it is sufficiently precise to pass constitutional muster.

This Court has given the statute, and in particular, the language challenged, careful consideration. We note that in section 849 which follows the section (848) in question, the term "substantial *source* of income", an essential element of a violation of that section, is specifically defined in subsection (e) for purposes of section 849 alone. Certainly the specificity of that definition is preferred over the language of § 848. But we are mindful of the statements of the Supreme Court in the first case in which the court held unconstitutional a statute promulgated by Congress. Thus in Marbury v. Madison, 1 Cranch 137, 177–180, 2 L.Ed. 60 the court said that this power to determine the constitutionality of statutes is "the gravest and most delicate duty that this Court is called on to perform." Moreover, a strong presumption of validity attaches to statutes passed by Congress.

In Boyce Motor Lines v. United States, supra, at page 340 of 342 U.S., at page 330 of 72 S.Ct., the court said:

> A criminal statute must be sufficiently definite to give notice of the required conduct to one who would avoid its penalties, and to guide the judge in its application and the lawyer in defending one charged with its violation. But few words possess the precision of mathematical symbols, most statutes must deal with untold and unforeseen variations in factual situations, and the practical necessities of discharging the business of government inevitably limit the specificity with which legislators can spell out prohibitions. Consequently, no more than a reasonable degree of certainty can be demanded. Nor is it unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.

With these principles in mind we therefore hold that the statute in question is not unconstitutionally vague in that it does not deny defendant due process by being insufficient to warn him of the conduct that falls within the purview of the statute.

In addition defendant challenges § 848 on the ground that the sentencing provision is unconstitutional in that it vests "arbitrary discretion in the sentencing judge" in violation of the equal

protection clause. Defendant also claims that the penalty imposed constitutes cruel and unusual punishment. We find these arguments to be without merit.

The statute is held to be constitutional and the motion to dismiss Count II of the Indictment is therefore denied.