**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Leroy Frank COLLIER, Defendant-Appellant.**

**No. 73–1796.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 8, 1974.

Decided March 27, 1974.

Neil H. Fink, Detroit, Mich., for appellant; Liberson, Fink, Feiler, Crystal & Burdick, Detroit, Mich., on brief.

William C. Ibershof, Asst. U. S. Atty., for appellee; Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., on brief.

Before WEICK and LIVELY, Circuit Judges, and ROSENSTEIN,* Senior Customs Judge.

PER CURIAM.

Appellant Collier was convicted after jury trial on the following counts: Count I, conspiracy to import cocaine in

---

* Senior Judge Samuel M. Rosenstein, United States Customs Court, sitting by designation.

violation of 21 U.S.C. § 963; Count II, engaging in a continuing criminal enterprise relating to a conspiracy to import and possess cocaine in violation of 21 U.S.C. § 848; Count III, possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Of the numerous issues raised on this appeal, only the two challenging the constitutionality of 21 U.S.C. § 848, and the sufficiency of the affidavit underlying the search warrant involved herein merit extended discussion. We affirm.

The facts are substantially as follows: In May, 1972, Douglas R. Kapp and Kathy Lucas, a/k/a Casey Lucas, were arrested at Miami International Airport, Miami, Florida, as they attempted to pass through customs when it was discovered that they were transporting six pounds of unadulterated cocaine. Shortly thereafter, complying with a request to cooperate, they informed customs officials that they had been hired by Collier to pick up the cocaine in South America and transport it to Detroit, Michigan, where they were to contact him at his home for delivery instructions.

Based on this information, customs officials decided to conduct a controlled delivery of the cocaine. Accordingly, Kapp and Lucas were flown to Detroit where Kapp made the prearranged telephone contact with Collier concerning the delivery of the cocaine. The ensuing exchange occurred during this conversation:

Kapp: I got hung up down there a little.

Collier: But you're cool?

Kapp: Yeh.

Collier: Okay beautiful. Tomorrow send Casey by with that and I'll send her back, send something back for you with her.

Thereafter, customs agent Back, in quest of a warrant for the search of Collier's home, submitted an affidavit which included the following statement:

"On May 31, 1972, at 1:25 a. m., a telephone call was placed by Kapp per his pre-arranged instruction with cocaine consignee, identified as Leroy Collier to telephone number (313) 355–2199. Kapp was instructed by Collier to have Kathy Sue Lucas deliver the cocaine to his house later on this date. Collier instructed Kapp that his address was 18470 George Washington St., Southfield, Michigan.

At approximately 12:00 noon, May 31, 1972, Lucas will deliver the cocaine to Collier's address in the company of Agents of U.S. Customs."

On the basis of the affidavit, a Magistrate issued a warrant authorizing the search of Collier's home for the specified cocaine and any means and instrumentalities used for possessing or dispensing of such. Thereafter, agents permitted Lucas to deliver the cocaine to Collier at his home. After she departed, they entered the premises, conducted a thorough search and seized evidence including the controlled delivered cocaine.

■ Appellant claims that the statements contained in the affidavit to the effect that he told Kapp to have Lucas deliver "cocaine" to his house and also advised him of his address were totally erroneous. Inasmuch as this recital "struck at the heart of probable cause" and was the primary basis for the issuance of the search warrant, Collier alleges that the lower court erred in overruling his motion to suppress all the evidence seized during the search of his home.

While it is undisputed that Collier did not specifically utter the word "cocaine" or announce his address during the telephone conversation with Kapp, judging from the events leading up to that conversation, we do not feel that these references were erroneous. Rather, they appear to be the only reasonable interpretation of what was said. Admittedly, agent Back could have been more precise; however, when considering the sufficiency of an affidavit, the following guidelines must be applied:

"The Fourth Amendment's commands, like all constitutional requirements, are

practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965); United States v. Harris, 403 U.S. 573, 577, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1970).

In light of the above, we conclude that the affidavit was sufficient to establish probable cause for issuance of the search warrant.

■ With regard to the issue challenging the constitutionality of 21 U.S. C. § 848, appellant maintains that this provision is vague on its face, thus depriving him of liberty and property without due process of law. We disagree with this assertion and concur in the recent Second Circuit case of United States v. Manfredi, 488 F.2d 588 (1973), in which it was stated:

" . . . the statute might have been more artfully drawn, but no language has occurred or has been suggested to us that better expresses the congressional purpose. To sustain appellant LaCosa's position would force us to hold that words cannot be devised to make it an offense to engage in the continuous sale and trafficking in heroin with a number of other people and with substantial sums of money changing hands; we feel that not to be the case and that, as applied to the conduct with which Joseph LaCosa was charged, see Broadrick v. Okla-

homa, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973), is not unconstitutionally vague."

All other issues tendered in appellant's brief do not warrant discussion.

Affirmed.