UNITED STATES of America, Plaintiff,

v.

Roger Alstair Williams FRY, Defendant.

Crim. A. No. 6–80191.

United States District Court,
E. D. Michigan, S. D.

May 20, 1976.

Peter M. Rosen, Detroit, Mich., for plaintiff.

Barry Tarlow, Los Angeles, Cal., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This criminal action presents the issue whether, on a charge of continuing criminal enterprise in violation of 21 U.S.C. § 848, venue lies in the Eastern District of Michigan where defendant himself neither set foot nor personally committed a component crime in this district during the course of the enterprise. For the reasons which follow, the court holds that venue here is proper.

The United States has indicted defendant on two counts. Count I alleges in effect that he headed 24 persons in a multi-state conspiracy to possess with intent to distribute and distribute marijuana from a base in Southern California in violation of 21 U.S.C. §§ 841(a)(1), 846. The indictment charges that defendant supplied tonnage quantities of marijuana to co-defendants in California who repackaged it for distribution throughout the country in multi-hundred pound lots. The government alleges that various co-defendants and co-conspirators func-

tioned as middlemen, drivers, investors, and local distributors who facilitated shipments of marijuana to Michigan, Kansas, Colorado, Pennsylvania, and New England over a three-year period. The indictment alleges commission of 36 overt acts touching this district and others. Much of the indictment and most of the overt acts detail conspiratorial activity in Southern California, where the conspiracy was headquartered.

Count II of the indictment charges that defendant engaged in a continuing criminal enterprise in violation of 21 U.S.C. § 848. This count tracks the statutory language and explicitly incorporates by reference the allegations of Count I, charging that the misdeeds enumerated therein were part of a continuing series of violations of the Drug Abuse Control Act of 1970 undertaken by defendant in concert with at least five other persons whom defendant supervised or managed and from which he derived substantial income.

Count I connects Michigan to the alleged conspiracy and criminal enterprise in a number of ways. The indictment alleges that co-defendants and co-conspirators Rasen and Hewitt, lieutenants who received tonnage quantities of marijuana from defendant Fry, distributed the repackaged marijuana in this district and elsewhere. An associate of Hewitt's and defendant Chipman, defendant Kullberg, was employed to drive truckloads of marijuana to Detroit and other major cities. In overt act number five, the government charges that Kullberg shipped truckloads of multi-hundred-pound lots of marijuana to defendant Thornton in Detroit and other unknown customers in Philadelphia during April and May, 1973. The count also alleges that co-conspirators met in Detroit and Farmington Hills, Michigan in May, 1974.

The defendant moves to dismiss Count II for lack of venue, asserting that he never met co-defendants Chipman, Kullberg, or Thornton prior to return of the indictment, that he never managed them in the commission of any marijuana offense in Michigan or instructed another person to do so, and that he has not entered this district except for proceedings in this case. He denies personal or vicarious commission of any element of a violation of 21 U.S.C. § 848 in this district, noting that the indictment alleges his involvement in marijuana distribution in California only.

The United States predicates venue here on two theories: (1) Count II of the indictment alleges that defendant is an actual or constructive participant in at least three separate narcotics violations in this district, and thus conventional notions of vicarious criminal liability make defendant triable here on the section 848 charge; (2) a violation of section 848 is a "continuing" crime over which 18 U.S.C. § 3237 confers venue in a district where the offense was begun, continued, or completed. The government concedes that defendant was not present in this district during the conspiracy and that he did not personally commit an offense defined in 21 U.S.C. § 841(a)(1) here.

 Fed.R.Crim.P. 18 provides in pertinent part that, "[e]xcept as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed." The rule simply codifies the constitutional mandates that a defendant be tried in a state where the crime was committed, before an impartial jury of that district. U.S.Const. Art. III, sec. 2, cl. 3; Amend. VI. Because of this longstanding public policy against arbitrarily sending a defendant into a strange locality to defend himself against a powerful government adversary, venue questions present more than mere matters of legal procedure. *United States v. Johnson*, 323 U.S. 273, 276, 65 S.Ct. 249, 250–51, 89 L.Ed. 236, 239 (1944) (Frankfurter, J.).

 Section 848 contains no venue provision. When a statute does not indicate where Congress considered the place of committing the crime to be, the *locus delicti* must be determined from the nature of the crime alleged and the location of the act or acts constituting it. *Travis v. United States*, 364 U.S. 631, 634–35, 81 S.Ct. 358, 360–61, 5 L.Ed.2d 340, 343–44 (1961); *United States v. Anderson*, 328 U.S. 699, 703–04, 66 S.Ct. 1213, 1216–17, 90 L.Ed. 1529, 1532–

33 (1946). For purposes of this motion, the allegations of the indictment must be accepted as true. *See United States v. Sampson,* 371 U.S. 75, 78–79, 83 S.Ct. 173, 174–75, 9 L.Ed.2d 136, 138–40 (1962); *United States v. Andreas,* 374 F.Supp. 402, 406 (D.Minn. 1974). Ultimately, venue is a matter for proof at trial. *See United States v. Haley,* 500 F.2d 302, 305 (8th Cir. 1974); *United States v. Powell,* 498 F.2d 890, 891 (9th Cir.), *cert. denied,* 419 U.S. 866, 95 S.Ct. 121, 42 L.Ed.2d 103 (1974).

Section 848 of Title 21 provides penalties for "[a]ny person who engages in a continuing criminal enterprise." In material part, section 848(b) provides:

". . . a person is engaged in a continuing criminal enterprise if—

(1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and

(2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—

(A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

(B) from which such person obtains substantial income or resources."

This section is aimed at the business of trafficking in prohibited drugs on a continuing, serious, widespread, supervisory, and substantial basis. *United States v. Sperling,* 506 F.2d 1323, 1344 (2d Cir. 1974), *cert. denied,* 420 U.S. 962, 95 S.Ct. 1351, 43 L.Ed.2d 439 (1975). To prove a violation of section 848, the government must establish that defendant occupied a position as organizer, manager, or supervisor with respect to a continuing narcotics trafficking operation in concert with five or more other persons, and that he received substantial income or resources from the operation. *Id.* The word "series" means three or more related acts. *United States v. Collier,* 358 F.Supp. 1351, 1355 (E.D.Mich.

1973), *aff'd on other grounds* 493 F.2d 327 (6th Cir.), *cert. denied,* 419 U.S. 831, 95 S.Ct. 56, 42 L.Ed.2d 57 (1974).

Venue questions are often resolved by identifying the essential verb, or verbs, which a federal statute uses to define the crime. Dobie, *Venue in Criminal Cases in the United States District Court,* 12 Va.L. Rev. 287, 289 (1926). *See Generally* 1 Wright, *Federal Practice & Procedure* § 302, at 584. Obviously, one "commits" a continuing criminal enterprise in a district where he "engages" in the continuing criminal enterprise. And one engages in a continuing criminal enterprise where he "undertakes" a series of narcotics violations in concert with at least five other persons with respect to whom he occupies a managerial or supervisory position. Defendant need not work with these five people at the same moment. *United States v. Sperling, supra.*

Defendant urges that, since the indictment describes his personal involvement in marijuana distribution only within California and alleges no managerial or supervisory control over personnel operating in Michigan, venue here on the section 848 charge is improper. Moreover, defendant contends that, if his co-defendants' Michigan activities be considered accessorial to the enterprise, he, as the principal, would not be triable in this district. The court rejects defendant's reading of both section 848 and the indictment as unduly narrow.

Section 848 defines a crime confined neither in time nor in place. The crime is operation of an enterprise, an ongoing narcotics distribution business which, by its amorphous nature, may or may not span many months, many states, or involve many people. The gist of the crime is not the agreement among confederates in the enterprise to do business but the willful orchestration of a series of felonies under the subchapter, for substantial income. The court finds that section 848, when viewed in this light, does not require that the five subordinates be in one district or that all of the acts which constitute the continuing series of violations occur in one district, for

venue to lie in that district. It is enough, to confer venue on a district, that one of the "continuing series" of criminal acts constituting the enterprise occur there. In other words, venue under section 848 may lie in any district in which a narcotics violation which was a part of the criminal enterprise occurred.

■ Count II of the indictment, by incorporating the conspiracy charge, alleges that the conspiracy was one of the continuing series of narcotics violations encompassed by the criminal enterprise. For venue purposes, the conspiracy was "committed" in the Eastern District of Michigan since several overt acts occurred here. *Hyde v. United States*, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114 (1912). Thus, by conspiring to distribute marijuana in an agreement which touched this district, defendant subjected himself to trial here on the section 848 charge of which the conspiracy was one component.

■ In addition, the indictment charges a series of section 841(a)(1) violations in this district in alleging that defendant Kullberg shipped truckloads of multi-hundred-pound lots of marijuana to defendant Thornton in Detroit. These are no less components of the section 848 charge because defendant Fry may be insulated from Kullberg and Thornton by a layer of junior executives who engaged them and supervised their employ. The series of offenses alleged here have been "undertaken" by defendant "in concert with five or more other persons" for venue purposes if those whom he allegedly supervised—for example, defendants Hewitt or Rasen—in the course of their involvement with the enterprise, engaged others to perform services for it, and these services constituted the commission of an offense or offenses in this district.

To read section 848 as narrowly as does defendant would be to strip the statute of its obvious reach and frustrate its apparent purpose. Finding venue in this district under this theory offends no constitutional precept. "The constitutional requirement is as to the locality of the offense, and not the personal presence of the offender." *Travis*

*v. United States, supra,* 364 U.S. at 634, 81 S.Ct. at 361, 5 L.Ed.2d at 344; *United States v. O'Donnell,* 510 F.2d 1190, 1193 (6th Cir.), *cert. denied,* 421 U.S. 1001, 95 S.Ct. 2400, 44 L.Ed.2d 668 (1975).

A second basis for venue in this district is the "continuing offense" venue statute, 18 U.S.C. § 3237. Section 3237 provides in part:

"(a) Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

"Any offense involving . . . transportation in interstate . . . commerce, is a continuing offense and . . . may be inquired of and prosecuted in any district from, through, or into which such commerce . . . moves."

■ The Supreme Court has defined a continuing offense in these terms:

"A continuing offense is a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy. Where such an act or series of acts runs through several jurisdictions, the offense is committed and cognizable in each."

*United States v. Midstate Horticultural Co.,* 306 U.S. 161, 166, 59 S.Ct. 412, 414, 83 L.Ed. 563, 567 (1939). Multiple venue in general requires crimes consisting of distinct parts or involving a continuously moving act. *Travis v. United States, supra,* 364 U.S. at 636, 81 S.Ct. at 361–62, 5 L.Ed.2d at 344–45.

■ In drafting section 848, Congress did not pinpoint the locus of the crime. Indeed, by its nature, a continuing criminal enterprise involves a "series of acts" or "distinct parts" which may be both temporally and spatially expansive. In this case, the government charges an enterprise headed by defendant in California which transported goods interstate to distribution points in several regions of the country over

a three-year period. Each level of operation involves series of narcotics offenses: distribution and redistribution in California and redistribution at places of ultimate delivery. The enterprise alleged here appears at least as continuous for venue purposes as the conspiracy allied with it. *Cf. Hyde v. United States, supra.* Allegations that employees of the enterprise, Kullberg and Thornton, committed offenses here "completes" the crime of continuing criminal enterprise in this district.

For the foregoing reasons, the court holds that where, as here, the government charges a defendant with engaging in a continuing criminal enterprise in which a component crime or series of crimes are allegedly committed in a given district, venue in that district is proper. Defendant's motion to dismiss Count II for lack of venue is denied.

So ordered.