PER CURIAM.
Appellant, the State of Florida, appeals an order of the trial court granting Phillip *1145 Grabarnick’s motion to dismiss count four of an information filed against Phillip Gra-bamick by holding that Section 817.035(2), (3), Florida Statutes (1977) is unconstitutional. We conclude the Florida Schemes to Defraud statute to be constitutional and, accordingly, reverse.
Section 817.035(2), (3) bears a remarkable similarity to 18 U.S.C.A. 1341 (federal mail fraud statute) and is virtually identical to §§ 190.60 and 190.65 of the New York Penal Law. The purpose and thrust of this statute was to codify an offense encompassing ongoing schemes to defraud. We deal first with the vagueness issue and conclude that § 817.035(2), (3) is not facially vague. The statute in question carries a sufficient warning for potential actors to realize their conduct will be considered unlawful. State v. Lindsay, 284 So.2d 377 (Fla.1973). No further detail or specification is necessary. Griffin v. State, 396 So.2d 152 (Fla.1981); Bell v. State, 289 So.2d 388 (Fla.1973).
The next contention is that even if § 817.035(2), (3) were not facially vague, the term “systematic ongoing course of conduct” operates to create a constitutional ambiguity requiring a separate examination for vagueness. We analogize “systematic ongoing course of conduct” with “continuing criminal enterprise” and conclude that one is sufficiently put on notice that the law will punish more harshly where the unlawful conduct is continuous rather than a single act. United States v. Cravero, 545 F.2d 406 (5th Cir. 1976), cert. denied, 430 U.S. 983, 97 S.Ct. 1679, 52 L.Ed.2d 377 (1977); United States v. Feinberg, 535 F.2d 1004 (7th Cir. 1976); United States v. Kirk, 534 F.2d 1262 (8th Cir. 1976); United States v. Collier, 493 F.2d 327 (6th Cir. 1974); United States v. Manfredi, 488 F.2d 588 (2d Cir. 1973).
Finally, it is argued that the misdemeanor/felony classification scheme found in § 817.035(2), (3) is invalid because the statute irrationally focuses upon the number of people affected rather than the amount of the property involved. We find no constitutional infirmity in the statutory scheme. It is the number of people involved that is directly related to the dimensions of the fraudulent scheme and the ultimate penalty. People v. Ford, 103 Misc.2d 249, 425 N.Y.S.2d 739 (1980), Additional Commentary to N.Y. Penal Law § 190.60, McKinney’s at 97.
Accordingly, we reverse the order of the trial court finding 817.035(2), (3) unconstitutional and remand for further proceedings consistent with the views expressed herein.
Reversed and remanded.