217 So.2d 591 (1968)
Roger H. HARPER, Appellant,
v.
STATE of Florida, Appellee.
No. 1667.
District Court of Appeal of Florida. Fourth District.
November 26, 1968.
Rehearing Denied February 3, 1969.
S. Robert Zimmerman, Pompano Beach, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellee.
*592 WALDEN, Chief Judge.
This appeal is from a final judgment and sentence finding Roger H. Harper, appellant, guilty of criminal contempt pursuant to F.S. Section 905.17, F.S.A. 1965, and sentencing him to three days imprisonment.
With the assistance of Mr. Harper, who was then State Attorney, the Broward County Grand Jury met on June 22, 1967, for the purpose of investigating certain matters not previously considered during that term. A prior term of the grand jury had employed Frank Pinter to assist in the investigation of the same subject matter. Harper, knowing of Pinter's experience in the area and with the specific consent of all members of the grand jury, invited him to be present during interrogation of certain witnesses. Pinter was administered the oath of a witness and remained inside the grand jury session during the interrogation of several witnesses.
Pinter's presence inside the grand jury session was expressly contrary to Section 905.17, the applicable portion of which says:
"No person shall be present at the sessions of the grand jury except the witness under examination, the prosecuting attorney, the court reporter or stenographer, and the interpreter, if any. * * No person shall be present while the grand jurors are deliberating or voting. Any person violating either of the above prohibitions may be held in contempt of court."
Based on affidavits and sworn testimony, Harper was ordered to show cause why he should not be adjudged in contempt for,
"* * * [V]iolation of Florida Statute 905.17, thereby unlawfully hindering and interfering with the due process of law and with the administration of justice. * * *"
A hearing was held after which the court entered judgment against Harper. The decision was explained:
"Mr. Harper, the Court adjudges you, and finds you in contempt of Court. I see no way, gentlemen, I could rule otherwise in the face of this Statute. * * [U]nder that Statute, I don't see how there could be any other finding except in contempt as charged."
We reverse.
It is our view from the language employed and the proceedings generally that the trial court erroneously concluded that the terms of Section 905.17 destroyed trial court discretion and compelled a finding of contempt upon mere showing of a violation of the statute.
The final sentence of Section 905.17 provides that "[a]ny person violating either of the above prohibitions may be held in contempt of court." (Emphasis added.) In construing statutes, it is the duty of a court to give a word its plain and obvious meaning. As stated in Brooks v. Anastasia Mosquito Control District, Fla. App. 1963, 148 So.2d 64, 66:
"* * * It must be assumed that the Legislature of this state must know the plain and ordinary meaning of words and that the word `may' when given its ordinary meaning, denotes a permissive term rather than the mandatory connotation of the word `shall'."
Thus, Section 905.17 provides only that violators may be found in contempt; it does not constitute a mandate for conviction. This is consistent with the common law which recognizes that, in matters of this kind, the power to punish for contempt is designed for the protection of the court and the application for such punishment is addressed to the court's discretion. Orr, for Use and Benefit of Walton v. Orr, 1939, 141 Fla. 112, 192 So. 466. *593 Such power should be approached with care and circumspection and should be cautiously and sparingly exercised. Demetree v. State, Fla. 1956, 89 So.2d 498; Geary v. State, Fla.App. 1962, 139 So.2d 891; State v. Clemmons, Fla. 1963, 150 So.2d 231.
We recognize that we would not necessarily be warranted in reversing because the trial court took an incorrect view of the statute in question. The appellate court is concerned with the correctness of the ruling under review and not the soundness of its rationale. Although the trial court used an erroneous theory or reason for its decision, the decision would nevertheless be affirmed if there were some other different reason or basis to support it. See generally, 1 Fla.Law and Prac., Appeals, § 148; 2 Fla.Jur.Appeals, § 297.
We now proceed to look at the record in the light of our understanding of the statute in order to determine if appellant's conviction finds sufficient support. The general test as to whether the act in question constituted contempt depends upon the nature and reasonable tendencies of the matter complained of to directly affect the administration of justice. Clein v. State, Fla. 1950, 52 So.2d 117; Ex parte Crews, 1937, 127 Fla. 381, 173 So. 275; Baumgartner v. Joughin, 1932, 105 Fla. 335, 141 So. 185.
It affirmatively appears without contradiction that Harper's course of conduct was calculated to assist the grand jury in its investigatory work. Mr. Harper testified that he did not intend to violate the laws of Florida and that his act was a consequence of his misinterpretation of the statute in question, it being his belief that more than one sworn witness was legally permissible so long as the session was inquisitorial rather than accusatorial. It further appears that at some stage Mr. Harper conferred with the circuit judge then presiding over the grand jury session as to the proprieties of this procedure. Without laboring the matter further, we are convinced that appellant's conduct was not such as to evince willful disregard for the orderly administration of justice. Pennekamp v. State, 1945, 156 Fla. 227, 22 So.2d 875.
The act alleged and proven is attributable to ignorance, carelessness and misplaced zeal, and not to any contemptuous design. Such an indiscretion, though reflecting a lack of caution and circumspection, does not warrant a finding of criminal contempt of court and concomitant jail sentence. Florida Ventilated Awning Co. v. Dickson, Fla. 1953, 67 So.2d 218; Ex parte Earman, 1923, 85 Fla. 297, 95 So. 755, 31 A.L.R. 1226. In making this pronouncement we wish to carefully say that we do not abase this statute or its importance to the proper functioning of the grand jury.
To the extent contempt proceedings are designed to be corrective we believe that appellant is impressed by the seriousness of his misstep. No purpose would be served by the incarceration of appellant as it is unlikely that this act will be repeated inasmuch as Mr. Harper no longer serves as State Attorney. Concluding as we do that Mr. Harper was not guilty of a criminal contempt of court, we reverse the judgment and sentence here appealed and direct that appellant be discharged from the requirements of the rule to show cause.
Reversed.
REED and OWEN, JJ., concur.

ON PETITION FOR REHEARING
In its petition for rehearing, the State of Florida argues that the consent of the grand jurors to Frank Pinter's presence was tacit rather than specific, in that no objection was raised by the jury members. To that extent we modify our opinion by deleting the word "specific."
*594 We find the remainder of the state's petition to be without merit, and specifically reject the notion that we may not consider a proffer of testimony which was incorrectly excluded by the trial court under an erroneous theory of the case.
With the single exception noted above, we adhere to our opinion of November 26, 1968, and deny the petition for rehearing.