QUESTION: Does the fuel adjustment (charge) exemption granted by Ch. 74-109, Laws of Florida, exempt price increases to the ultimate consumer of gas as a result of increases in the cost of the gas to the utility-seller of the gas from the tax imposed by s. 166.231, F.S.?
SUMMARY: Pending legislative or judicial clarification, the fuel adjustment charge exemption granted by s. 2, Ch. 74-109, Laws of Florida, from the municipal public service tax authorized by s.166.231(1), F.S., as amended, exempts from such tax the separately stated monthly "purchase gas adjustment" charge to consumers of gas utility companies because such purchase gas adjustment charge is an increase in the cost of utility services to the ultimate consumer resulting from an increase in the cost of fuel or gas to the gas utility. The use of the term "fuel" in Ch. 74-109 denotes its commonly accepted comprehensive meaning as that producing heat or power by burning, without any contextual limitation expressed restricting its meaning to only fuel used to generate utility services. The pertinent statute provides as follows: (1) A municipality may levy a tax on the purchase of electricity, metered or bottled gas (natural liquefied petroleum gas or manufactured), water service, telephone service, . . . . The tax shall be levied only upon purchases within the municipality and shall not exceed ten (10) percent of the payments received by the seller of the taxable item from the purchaser for the purchase of such service. (Emphasis supplied.) [Section166.231, F.S. (1974 Supp.)] Thus, pursuant to s. 166.231(1), supra, municipalities are authorized to levy a tax of up to 10 percent on purchases of gas, whether bottled or metered, electricity, water service, etc. The 1974 Legislature, apparently in response to escalating fuel costs to consumers on utility bills, amended s. 166.231, F.S., to exempt from the tax "any fuel adjustment charge" that is passed on to the consumer: Section 2. The tax imposed by subsection 166.231(1), Florida Statutes, shall not be applied against any fuel adjustment charge, and such charge shall be separately stated on each bill. "Fuel adjustment charge" shall mean all increases in the cost of utility services to the ultimate consumer resulting from an increase in the cost of fuel to the utility subsequent to October 1, 1973. (Emphasis supplied.) [Chapter 74-109, Laws of Florida.] Thus exempted are any "fuel adjustment charges" which are defined as increases in the cost of utility services to the ultimate consumer resulting from an increase in the cost of fuel to the utility.
Clearly exempted in s. 2, Ch. 74-109, supra, is the monthly "fuel adjustment" charge as charged by electric utility companies to their consumers, which charge is, pursuant to Public Service Commission Rule 25-6.100(2)(g), Florida Administrative Code, separately stated and billed. The charge consists primarily of increases in the cost of oil used by the utility to generate electricity over a base cost of the oil. See Amended Order Revising Fuel Adjustment Clause, Public Service Commission Order No. 2895, March 29, 1960. The fuel adjustment charge is, simply stated, a means of allowing compensation to utility companies for fluctuations (usually increases) in the cost of fuel, which fluctuating prices are not included in the base rate. A similar arrangement is provided for in the sale of metered or bottled gas by gas utilities to their consumers which is, of course, the subject of your inquiry. That is, price fluctuations of metered or bottled gas as charged by the supplier to the gas utility that differ from a base rate are separately stated as a "purchase gas adjustment" charge and under proper circumstances billed to the consumer as such. Like the fuel adjustment charge, the purchase gas adjustment charge is a means of compensation to the gas utility company for fluctuations in the cost of the gas, which fluctuating prices are not included in the base rate. See Public Service Commission Order No. 4367, May 27, 1968. Therefore, your question is basically whether the monthly purchase gas adjustment charge, like the monthly fuel adjustment charge, falls within the exemption granted to any fuel adjustment charge. "Any fuel adjustment charge" is defined to mean all increases in the cost of utility services to the ultimate consumer that result from an increase in the cost of fuel to the utility. Also, s. 2, Ch. 74-109, supra, requires that the exempt fuel adjustment charge be separately stated on each bill. The monthly purchase gas adjustment charge is separately stated on the bill to the consumer pursuant to Public Service Commission Rule 25-7.85(1)(g), Florida Administrative Code. Furthermore, the purchase gas adjustment charge produces an increase in the cost of utility services to the ultimate consumer which results from an increase in the cost of fuel to the gas utility. Thus, the monthly purchase gas adjustment charge appears to fall within the exempt classification of a fuel adjustment charge. The fact that the purchase gas adjustment charge allows an increase in cost to the consumer resulting from higher priced gas, which gas is a commodity to the utility, does not change the status of the gas as a fuel. "Fuel" is defined as "material used to produce heat or power by burning." Webster's Seventh New Collegiate Dictionary, p. 337 (1971). The metered or bottled gas is a fuel and remains a fuel even if not consumed as a fuel by the gas utility. The exemption for an increase in the "cost of fuel to the utility" is in my opinion stated comprehensively to include both fuel consumed by the utility to generate utility services as well as fuel sold by the utility as its utility service. As originally introduced, the fuel adjustment exemption was expressly limited to fuel (oil) consumed by an electric utility company in producing electricity and was designated as the "fuel oil adjustment charge." See House Bills 2747, 3113, and 3694, 1974 Legislative Session. However, the bills allowing the exemption only on purchases of electricity did not pass and the present Ch. 74-109, supra, was substituted therefor. (Committee Substitute for H.B. Nos. 3113 and 2747.) Also, "oil" was dropped from the terminology, thereby resulting in the exemption being stated broadly as the fuel adjustment charge and granted to the "utility" as opposed to only electric utilities. The use by the Legislature of a comprehensive term ordinarily indicates an intent to include everything embraced within that term. Florida State Racing Commission v. McLaughlin, 102 So.2d 574
(Fla. 1958). In construing statutes, it is the duty of a court to give a word its plain and obvious meaning. Harper v. State,217 So.2d 591 (4 D.C.A. Fla., 1968) Cert. discharged, 224 So.2d 684
(Fla. 1969). I am therefore of the view that, pending subsequent legislative clarification or judicial interpretation, the term fuel as used in s. 2, Ch. 74-109, supra, includes both fuel consumed by a utility to generate utility services as well as fuel, such as gas, sold by a utility as a utility service. Thus the fuel adjustment charge exemption granted by s. 2, Ch. 74-109 includes the purchase gas adjustment charge or, stated otherwise, exempts from the municipal public service tax price increases to the ultimate consumer of metered or bottled gas which result from increases in the cost of the gas to the seller utility company.