326 So.2d 213 (1976)
Robert B. RISMAN et al., Appellants,
v.
Margaret S. WHITTAKER et al., Appellees.
No. 75-1192.
District Court of Appeal of Florida, Fourth District.
February 6, 1976.
Maurice M. Garcia, of Abrams, Anton, Robbins, Resnick & Schneider, Hallandale, for appellants.
Floyd V. Hull, Jr., Fort Lauderdale, for appellee-Whittaker.
WALDEN, Chief Judge.
This interlocutory appeal presents a novel question concerning service of process statutes.
This is a mortgage foreclosure action. Defendants are nonresidents with known out of state addresses. Constructive service of process was duly perfected upon the defendants via Fla. Stat. § 49.021 (1973), which provides:
"49.021 Service of process by publication, upon whom.  Where personal service of process cannot be had, service of process by publication may be had upon any party, natural or corporate, known or unknown, ..."
Defendants moved to dismiss for lack of jurisdiction over the person and for insufficiency of process. The motion was denied. Defendants appeal. We affirm.
The point:
Where personal service of process is available under the provisions of Chapter 48, Florida Statutes (Long Arm Statute), may a plaintiff effect service of process by utilizing the provisions of Florida Statute 49.021. (Service by publication.)
To understand and decide this appeal we must study the Long Arm Statute:
"48.193 Acts subjecting persons to jurisdiction of courts of state. 
"(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
* * * * * *
"(c) Owns, uses, or possesses any real property within this state.
* * * * * *
"(2) Service of process upon any person who is subject to the jurisdiction of the courts of this state as provided in this section may be made by personally *214 serving the process upon the defendant outside this state, as provided in § 48.194. The service shall have the same effect as if it had been personally served within this state." (Emphasis supplied.)
"48.194 Personal service outside state.  Service of process on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served. No order of court is required. An affidavit of the officer shall be filed, stating the time, manner, and place of service. The court may consider the affidavit, or any other competent evidence, in determining whether service has been properly made."
Defendants urge that, since they were amenable to service of process under the Long Arm Statute, they necessarily would have to be served under its procedure as provided in Fla. Stat. § 48.194 (1973). They say the plaintiffs had no option under the circumstances to elect to serve constructively under Fla. Stat. § 49.021 (1973). Repetitively, defendants insist that they must be served personally outside the state if possible (and it is possible here) and that resort cannot be had to service of process by publication where such personal service is available. We disagree.
In essence, defendants base their position upon the opening sentence of Fla. Stat. § 49.021:
"Where personal service of process cannot be had, service of process by publication may be had upon any party, ..."
and the caption of Fla. Stat. 48.194, "Personal service outside state." Defendants reason that upon the enactment of the Long Arm Statute non-residents (meeting its criteria) can now be "personally served" in foreign states as concerns Florida litigation. Thus, since personal service can be had, constructive service of process by publication by the very opening words of Fla. Stat. § 49.021 (1973) is not authorized.
Now to plaintiffs' position. They agree that the Long Arm Statute was available and could have been employed by them to obtain personal service of process outside the state upon the non-resident defendants. However, they insist that they had an unbridled option here to elect to obtain service of process by publication upon defendants via Fla. Stat. § 49.021 (1973). In other words, plaintiffs say they were free to travel either route as they wished depending upon the practicabilities and the kind of jurisdiction they wished to obtain.
In support of their position plaintiffs point to the permissive word, "may," found in the Long Arm Statute:
Fla. Stat. 48.193(2): "Service of process upon any person who is subject to the jurisdiction of the courts of this state as provided in this section may be made by personally serving the process upon the defendant outside this state, ..." (Emphasis supplied.)
We agree with plaintiffs' position and believe that it provides the most reasonable constructions and workable rationale, particularly since there is no overriding consideration of due process, or otherwise.
The Long Arm Statute, Fla. Stat. § 48.193 (1973), was enacted in 1973, long subsequent in point of time to the statutes providing for personal service upon defendants inside Florida, see Fla. Stat. § 47.13 (1941), and the statutes providing for substituted service  service of process by publication, see Fla. Stat. § 48.02 (1941).
Thus, prior to the enactment of the Long Arm Statute the then process statutes operated simply. Plaintiffs had to obtain personal service of process upon a defendant, if he could, by serving that defendant personally in Florida. In so doing such plaintiffs achieved in personam jurisdiction. Where such personal service was unavailable the alternative open to plaintiffs *215 was to obtain service of process by publication. In so doing such plaintiffs achieved only in rem jurisdiction.[1] Thus, as these conditions existed, non-resident persons doing acts in Florida (as now described in Fla. Stat. § 48.193(1), (2) (1973)) could escape in personam responsibility by simply remaining outside Florida boundaries and thereby often prevent plaintiffs in Florida from obtaining full relief.
And so the Florida Legislature, responding to the needs of Florida plaintiffs and in the modern trend, enacted the Long Arm Statute. It made easier the paths of Florida plaintiffs by giving them a new and additional jurisdictional possibility. See Atlas Van Lines, Inc. v. Rossmoore, 271 So.2d 31 (2d DCA Fla. 1972), and 24 U.Miami L.Rev. 433, 442 n. 6 (1970), citing to deLeo v. Childs, 304 F. Supp. 593 (D.Mass. 1969):
"67. Long-arm statutes are expressions of a legislative attempt to create a new basis of jurisdiction which, within constitutional limitations, will afford the citizens of a State a forum for causes of action arising from the activities of non-residents within the State ... These statutes codify a new type of personal jurisdiction based on activities deemed more relevant than mere physical presence of a defendant or his agent in a State. As long as constitutional limits are not crossed, a court should interpret the statute to effectuate a State's legitimate desire to protect its citizens. ..." 304 F. Supp. 595. (Emphasis added.)
It, as we interpret the legislative intent, was not designed to hamstring, make more difficult, or limit the rights of Florida plaintiffs. We think that currently plaintiffs have simply an additional jurisdictional choice.
Taking the statutory enactment time sequences and the fact that the Long Arm Statute says that its terms "may" be employed, we believe that the employment of the Long Arm Statute is permissive and not mandatory, as suggested by defendants. Harper v. State, 217 So.2d 591 (4th DCA Fla. 1968); Brooks v. Anastasia Mosquito Control District, 148 So.2d 64 (1st DCA Fla. 1963); Fixel v. Clevenger, 285 So.2d 687 (3d DCA Fla. 1973); Spencer v. Spencer, 242 So.2d 786 (4th DCA Fla. 1970); 30 Fla.Jur., Statutes § 11 (1974).
And, if we may be heard to wonder about a practical matter not germane to this appeal, we are at a loss to understand why the non-resident defendants here are protesting when the use of the Long Arm Statute would result in their greater exposure via in personem jurisdiction, instead of in rem  particularly when plaintiffs here pray for a deficiency judgment.
Defendants cite McDaniel v. McElvy, 91 Fla. 770, 108 So. 820 (1926); Smetal Corporation v. West Lake Inv. Co., 126 Fla. 595, 172 So. 58 (1936); Gmaz v. King, 238 So.2d 511 (2d DCA Fla. 1970); Klinger v. Milton Holding Co., 136 Fla. 50, 186 So. 526 (1938), for the proposition that constructive service by publication cannot be resorted to where the defendants could be personally served with process. We note that all such cases were decided prior to the enactment of the Long Arm Statute and so necessarily the reference to personal service means service upon defendants within the State of Florida under Fla. Stat. § 48.031 (1973). We distinguish them on this basis and do not choose to interpolate a meaning that such "personal service" means also personal service on non-resident defendants outside the state under the Long Arm Statute.
As a final thought, we believe it manifest that it is more difficult, more time *216 consuming, and more expensive to achieve personal service upon non-residents under the Long Arm Statute when compared to service by publication. We are unwilling and believe it unnecessary to impose the mandatory use of the Long Arm Statute, but rather leave its use optional and its provisions alternatives.
We hold that, even though personal service of process upon non-residents is available under the provisions of Chapter 48, Florida Statutes, a plaintiff may elect at his option to effect service of process by utilizing the provisions of Fla. Stat. § 49.021 (1973).
Affirmed.
CROSS and DOWNEY, JJ., concur.
NOTES
[1] Since the instant non-resident defendants were not operating aircraft, boats or motor vehicles in Florida, or doing business in Florida, we do not plumb the exceptions found in Fla. Stat. §§ 48.181, 48.19, 48.171 (1973) and their predecessor statutes.