Mr. Michael H. Olenick County Attorney County of Martin Board of County Commissioners 50 Kindred Street Stuart, Florida 33497 Attention: Mr. Daniel S. McIntyre Assistant County Attorney
Dear Mr. Olenick:
This is in response to your request for an Attorney General Opinion regarding the following question:
 IS A COUNTY TAX COLLECTOR REQUIRED UNDER s 153.05(8), (9), (10), F.S., TO ACT AS AGENT FOR THE COUNTY IN COLLECTING SPECIAL ASSESSMENTS LAWFULLY IMPOSED PURSUANT TO CH. 153, F.S.
Pursuant to s 153.05, F.S., any county may provide for the construction or reconstruction of water system improvements or sewer improvements and for the levying of special assessments on property benefited by such improvements under the provisions of this section.
No provision of subsections (8), (9) or (10) of s 153.05, F.S., designates the tax collector as the agent for the county in collecting such special assessments or imposes any duty on the tax collector to collect the same. Subsection (9) of s 153.05 does provide that:
 Any assessment may be paid at the office of the county tax collector within 30 days after the confirmation thereof, without interest. Thereafter all assessments shall be payable in equal annual installments, with interest at 8 percent per year, or, if bonds are issued pursuant to this chapter, at a rate not to exceed 1 percent above the rate of interest at which the improvement bonds authorized pursuant to this chapter and used for improvements are sold, from the expiration of said 30 days in each of the succeeding 20 calendar years at the time or times in each year at which the general county taxes are payable; however, the commission may by resolution fix a shorter period of payment for any assessment; further, any assessment may be paid at any time before due, together with interest accrued thereon to the date of payment. (e.s.)
However, these provisions do not impose any duty on the tax collector to collect such assessments. Cf., s 153.73(11)(a) and (b), F.S. The verb "may" may be, and usually is employed as implying permissive or discretional and not mandatory action or conduct. See generally, 57 C.J.S. May pp. 456-457. And see, Brooks v. Anastasia Mosquito Control District, 148 So.2d 64, 66 (1 D.C.A. Fla., 1963), wherein the court stated that "[i]t must be assumed that the Legislature of this state must know the plain and ordinary meaning of words and that the word `may' when given its ordinary meaning, denotes a permissive term rather than the mandatory connotation of the word `shall' "; Harper v. State,217 So.2d 591, 592 (4 D.C.A. Fla., 1968) quoting the language of the Brooks case quoted above; Fixel v. Clevenger, 285 So.2d 687, 688
(3 D.C.A. Fla., 1973); City of Miami v. Save Brickell Avenue, Inc., 426 So.2d 1100, 1105 (3 D.C.A. Fla., 1983). In any event the word "may" as used in s 153.05(9), F.S., does not impose any duty on the tax collector. Therefore, as it is used in s 153.05(9), F.S., the verb "may" would appear to permit the payment of special assessments at the office of the county tax collector within 30 days after their confirmation without interest, and this limited payment privilege does not apply to the annual installment payments or to any other prepayments of such assessments and does not charge the tax collector with any obligation to collect and receive payment of such assessments. Cf., AGO 82-80 (there was nothing within the language of former s 197.214, F.S., evidencing a clear legislative intent that special assessments must be included on the regular tax notice annually mailed by the tax collector under s 197.072[1], F.S., or that special assessments must be entered or extended on the property assessment rolls prepared by the property appraiser).
Therefore, in the absence of any express provision of s 153.05(8), (9) and (10), F.S., imposing a duty upon the county tax collector to collect special assessments imposed pursuant to Part I of Ch.153, F.S., the county tax collector has no duty to act as agent for the county in the collection of such assessments.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General