FARMER, Judge.
This case presents the issue whether a foreclosing mortgagee can serve his out-of-state mortgagor by publication under chapter 49, Florida Statutes (1989), where the mortgagee knows the mortgagor’s out-of-state residence address. We hold that if the out-of-state residence is known, the mortgagee must use personal service under section 48.194.
Fidelity sued Robert and Carol Gross to foreclose a mortgage on real property in Palm Beach County. Its vice president gave an affidavit for constructive service of process, saying: “Defendants’ current address is unknown, but last known address was 4 Coach Road, Danbury Connecticut 06811, so that process cannot be personally served upon the Defendants.” The affidavit also alleged due diligence and described several things done to find an address in Florida. Conspicuously absent was any attempt to mail anything to appellants at the Danbury address.
After a default was entered, appellants filed a motion to quash service of process and vacate the default. The motion stated that they could be personally served at the Danbury address. They argued that, as Fidelity knew appellants’ last address, it should have personally served them there. The trial court denied the motion. This appeal followed.
We begin, of course, with the language of the statute, section 49.021, Florida Statutes (1989), which says:
Where personal service of process cannot be had, service of process by publication may be had upon any party, natural or corporate, known or unknown * * *. [e.s.j
We read this language to mean what it so plainly says — that service by publication may be used (assuming the case is one of the kinds described in section 49.011) only when personal service cannot be effected. Our reading is consistent with the well-established principle that a constructive service statute is strictly construed against the party seeking to use it. Callaghan v. Callaghan, 337 So.2d 986 (Fla. 4th DCA 1976).
It is true that in Risman v. Whittaker, 326 So.2d 213 (Fla. 4th DCA 1976), also a mortgage foreclosure, we held that plaintiff had the option of using constructive service by publication on out-of-state defendants where plaintiff sought merely a judgment in rem. Confronting the then recently-adopted long arm statute, section 48.194, making personal service newly available on out-of-state defendants, we reasoned that the words “[sjervice of pro *848 cess upon any person * * * may be made by personally serving the process upon the defendant outside this state” [e.s.] meant that plaintiff had the option of using personal service in the foreign state under section 48.194 if he desired a personal judgment.
More recently, however, in Bedford Computer Corp. v. Graphic Press Inc., 484 So.2d 1225 (Fla.1986), our supreme court faced the issue whether a Florida court could acquire personal jurisdiction over a foreign corporation by publishing in Florida and also sending certified mail notice to the corporation at its out-of-state address. Citing the language of section 49.021 quoted above, the court held that personal jurisdiction over the non-resident corporation was not acquired.
The court noted that the purpose of service of process is to give a defendant notice that a suit is pending against him, that he must appear by a certain day and make his defenses known, and that if he fails to do so a default judgment will be sought against him. It added that personal service upon a defendant is the most effective method to give such notice. The court acknowledged that constructive service by publication is available in some instances but concluded by holding that it could be used only when necessary.
Although no mention was made of our Risman decision, we find it difficult to believe that Risman can still exist after Bedford. While the court stopped short of saying that constructive service by publication is unavailable in all cases where the serving party knows the served party’s out-of-state address, its opinion makes that conclusion unavoidable. As Chief Justice Boyd explained the court’s holding in his special concurring opinion, it was that (if the case is one of those described in section 49.011), “service by publication is sufficient only when personal service is impossible.” 484 So.2d at 1228-1229.
There is another formidable reason why we believe that that is precisely what the court meant, even if it did not say so in so many words. In Mullane v. Central Hanover Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the Court held that the Due Process Clause of the Fourteenth Amendment to the United States Constitution does not permit a state to use constructive service by publication to give notice to non-resident defendants where the addresses of those defendants are known. The court said:
But when notice is a person’s due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected, [citations omitted] or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home no tice, than other of the feasible and customary substitutes.
339 U.S. at 315, 70 S.Ct. at 657. Casting a dubious eye on publication in circumstances where the absentee and his address are known, the court said:
It would be idle to pretend that publication alone as prescribed here, is a reliable means of acquainting interested parties of the fact that their rights are before the courts. It is not an accident that the greater number of cases reaching this Court on the question of adequacy of notice have been concerned with actions founded on process constructively served through local newspapers. Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper’s circulation the odds that the information will never reach him are large indeed.
339 U.S. at 315, 70 S.Ct. at 658. Mullane has more recently been used by the Court to apply these same sentiments in Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) (tax deeds) and Tulsa Professional Collection Services Inc. v. Pope, 485 U.S. 478, *849 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988) (probate claims).
The Mullane principle is surely applicable to mortgage foreclosures in Florida; indeed the breadth of Justice Jackson’s text makes plain that it was intended to apply whatever the nature of the judicial proceeding. The Constitution does not permit us to look for readings of our constructive service statutes which allow litigants to select the easier method of publication over the more certain personal service in the distant state, at least where the serving party knows the address of the party to be served. Thus we think that, as the court held in Bedford, section 49.021 really means that if personal service is available publication may not be used.
For the foregoing reasons the order appealed is reversed and the cause is remanded to the trial court to quash service of process in this case and vacate the default. The parties’ motions for attorney’s fees are hereby denied.
REVERSED AND REMANDED WITH DIRECTIONS.
ANSTEAD and GARRETT, JJ., concur.