PER CURIAM.
The appellant, Gabriele Helbig, challenges the trial court’s order denying her motion to quash service of process. We reverse.
The appellee, Werner Schneider, as Receiver in Bankruptcy for Gerhard Helbig filed a three count complaint against appellant individually and against Helbig Corporation, a Florida corporation. The complaint and amended complaint allege that appellant, a citizen of Germany, is subject to the jurisdiction of the Florida court pursuant to section 48.193(l)(a), Florida Statutes (1993). Appellee served appellant by publication in a newspaper apparently pursuant to section 49.021, Florida Statutes (1993). Appellant made a special appearance before the trial court and moved to quash service of process. The trial court denied the motion, and appellant filed a timely notice of appeal. The Helbig Corporation did not join the appeal.
Although other facts were brought to this court’s attention, the trial court was required to consider only the facts contained within the record presented to that court. The record presented to the tidal court consisted of the pleadings, in particular, the complaint and affidavit and the motion to quash. The pleadings alleged that appellant was subject to the jurisdiction of the Florida court pursuant to section 48.193(l)(a) and, accordingly, this is the only statute that we are considering.
If jurisdiction had been properly obtained pursuant to section 48.193(l)(a) it would have been because of the fact that appellant was doing business in the state of Florida. However, because the parties agreed that personal service could not be effected pursuant to section 48.193(l)(a) we must look to section 48.181 which provides for service on a nonresident engaging in business in this state, and to section 48.194 which provides for personal service on persons outside of this state. The record reflects that there was no allegation that appellee attempted but failed to effect service on appellant as a nonresident doing business in this state, nor does it reflect that appellee attempted but failed to effect service on appellant as a nonresident of this state.
If these allegations had been set forth, it would then have been appropriate for the trial court to consider under section 49.021 whether service of process by publication was proper. Section 49.021 states: “Where personal service of process or, if appropriate, *743 service of process under s. 48.194 cannot be had, service of process by publication may be had upon any party, natural or corporate, known or unknown, ...” This language has been construed to mean that service by publication may be used (provided the case is one of those enumerated in section 49.011) only when personal service cannot be effected. Batchin v. Barnett Bank, 647 So.2d 211 (Fla. 2d DCA 1994); Gross v. Fidelity Fed. Sav. Bank, 579 So.2d 846 (Fla. 4th DCA 1991).
Service by publication was improper in this case because the appellee did not establish that personal service upon the appellant could not be effected. Appellee did not establish this because, as stated above, appellee faded to .allege that he attempted but failed to effect service under section 48.181, or under section 48.194. See Batchin.
The trial court erred in denying the motion to quash service of process. We reverse and remand for further proceedings.
Reversed and remanded.
THREADGILL, C.J., and SCHOONOVER and WHATLEY, JJ., concur.