ROTHENBERG, J.
José Luis Estela (“Estela”) appeals a non-final order denying his motion to quash service and to dismiss for lack of jurisdiction. We reverse and remand with directions to quash service of process.
After filing an amended complaint against three named defendants, including Estela, Roberto Cavalcanti (“Cavalcanti”) made several failed attempts to personally serve Estela at his last known address in Key Biscayne. In an effort to locate Estela, Cavalcanti ordered a skip trace, which revealed that Estela owned homesteaded property in Miami Beach. Cavalcanti attempted to serve Estela at the Miami Beach address, but his attempts were unsuccessful.
Thereafter, Cavalcanti filed a motion for leave to serve Estela by publication, and attached an affidavit of diligent search. Estela, who made a special appearance for the purpose of filing a motion to quash Cavalcanti’s attempt to serve him by publication, provided to Cavalcanti an address he claimed was his Costa Rican address. After conducting a hearing, the trial court granted Estela’s motion for leave to serve by publication.
For four consecutive weeks, Cavalcanti published a notice of action, in the Miami Daily Business Review, which required Estela to respond on or before June 21, 2011. On June 21, 2011, Estela filed a motion to quash the attempted service and to dismiss, and subsequently filed an amendment to the motion. Following a hearing, the trial court entered an order denying Estela’s motion. This appeal followed.
The issue presented is whether a plaintiff can serve a defendant by publication if the defendant provided, in his motion to quash the plaintiffs attempt to serve him by publication, an out-of-state address where the defendant may be personally served, and where the trial court has not made a finding that the defendant was attempting to evade service. The standard of review is de novo. Mecca Multimedia, Inc. v. Kurzbard, 954 So.2d 1179, 1181 (Fla. 3d DCA2007).
Section 49.021, Florida Statutes (2010), provides, in pertinent part: “Where personal service of process or, if appropriate, service of process under s. 48.194 cannot be had, service of process by publication may be had upon any party, natural or corporate, known or unknown _” (emphasis added). The statute’s plain language mandates that serr vice of process by publication (provided the case is one of the kinds listed in section 49.011, Florida Statutes (2010)) is only permitted when personal service cannot be obtained. See Gross v. Fid. Sav. Bank of Fla., 579 So.2d 846, 847 (Fla. 4th DCA 1991). Statutes governing service of process, including section 49.021, are strictly construed. Id. Therefore, Cavalcanti was obligated to at least attempt to effectuate service on Estela at the Costa Rican address he provided before resorting to service by publication. Accordingly, the order appealed is reversed and the cause is remanded to the trial court to quash service of process.
Based on our ruling, we find it unnecessary to address whether the complaint is limited to in personam relief, or additionally involves in rem or quasi in rem claims. In addition, we find no merit to the claim that Estela filed a permissive counterclaim in the lower court, thereby waiving his challenge to personal jurisdiction.
Reversed and remanded with directions.